## Iroquois Furnace Co. v. Bignall Hardware Co.

1. PRACTICE—*Suits upon Contracts Modified by Subsequent Agreements.*—Where a contract is modified by a subsequent agreement of the parties, suit must be brought upon the contract as modified.

2. VARIANCE—*Proof Must Support the Allegations of the Declaration.*—A party declaring upon one contract can not recover on proof of another.

Assumpsit, on a contract of sale. Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed May 5, 1902.

DEFREES, BRACE & RITTER, attorneys for appellant.

JEROME PROBST, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment rendered in favor of appellee in a suit in which appellant was plaintiff and appellee defendant. The declaration consists of a special count and the common assumpsit counts. The special count is in substance as follows:

For that on the 15th day of January, 1892, the defendant bargained for and bought of the plaintiff, and plaintiff sold to the defendant a large quantity, to wit, not less than 1,000 nor more than 1,500 tons of pig iron, the quantity between said figures to be determined by the defendant, at the price of, to wit, $16.35 per ton for "No. 1 Iroquois" pig iron and "No. 1 Sterling" pig iron; $15.35 per ton for "No. 2 Iroquois" pig iron and "No. 2 Sterling" pig iron, and $14.85 per ton for "No. 3 Iroquois" pig iron and "No. 3 Sterling" pig iron; the defendant to designate, when, and, as delivery of said pig iron should be requested by defendant, the kind and number of pig iron desired by defendant, as above described; said pig iron to be delivered by the plaintiff when, and as ordered by the defendant during the year 1892, at St. Charles, Illinois, and to be paid for as follows, to wit: settlements to be made on the

15th day of each calendar month next following shipment, and defendant to give to plaintiff its note to mature four months thereafter, for amount to be found to be due for such settlements; that defendant, in consideration of the promise of plaintiff to deliver said iron, promised the plaintiff to accept same from it and to pay for same in the manner and upon the terms aforesaid. That the plaintiff at all times after the making of the contract was ready and willing and tendered and offered to deliver said pig iron to the defendant, and requested it to accept the same and pay therefor; yet the defendant would not accept said pig iron or pay for the same, but refused so to do.

The defendant pleaded the general issue. There is no controversy as to the fact that the contract declared on was made, or as to the fact that prior to about September 14, 1892, the plaintiff shipped to the defendant 522 tons of the 1,000 tons contracted for, leaving undelivered 478 of the 1,000 tons contracted for. By the contract it was optional with the defendant whether it would take any iron in excess of 1,000 tons. There is no claim that the iron delivered to the defendant was not paid for. The claim is for damages for the refusal of defendant to receive the 478 tons of the 1,000 contracted for.

It appears from the plaintiff's evidence that about September 14, 1892, the delivery of the remainder of the 1,000 tons was postponed for six months, by agreement between the parties; that at the end of the six months, and in the spring of 1893, it was further postponed indefinitely. In the interval between September 14, 1892, and March, 1896, the plaintiff sold and delivered iron to the defendant, under other contracts, at the market prices. The plaintiff's secretary and general manager, Charles S. Foster, testified: " After September 14, 1892, the defendant company made new contracts with us for iron, at lower prices, which we filled." Bignall, who was plaintiff's president from 1876 till 1899, also testified to the indefinite postponement of deliveries under the contract sued on, and, in addition, that from the spring of 1892 up to about the time of the com-

mencement of the suit, the defendant made new contracts, from time to time, with plaintiff, for iron, at lower prices than mentioned in the contract sued on.

In February, 1896, plaintiff communicated by letter with the defendant in reference to the delivery of the remaining 478 tons originally contracted for, and on defendant refusing to receive the same, shipped to defendant one car load of iron, which defendant refused to receive. Foster stated, in substance, that plaintiff's reason for resorting to the old contract, was that it had discovered that defendant was buying from another party.

The plaintiff claims as damages the difference between the contract price and the market price in March, 1896, the time plaintiff offered to deliver the iron. The evidence is that in March, 1896, the market price was lower than the contract price. The defendant claims that the contract was mutually abandoned, and we can not say that the evidence does not tend to support this contention. Waiving the question whether the contract was mutually abandoned, it is sufficient to say that the evidence does not support the declaration. It can not be contended that there could be a recovery under the common counts for the breach of an executory contract, and the special count is on the original contract. But the evidence shows that the original contract was materially modified by agreement of the parties to postpone it indefinitely, and this is not disputed. By the contract declared on and proved, defendant was to take during 1892 a minimum of 1,000 tons, settlement to be made on the 15th of each month of that year, next following shipment. The proof is, and it is conceded by appellant's counsel, that by agreement of the parties, deliveries were indefinitely postponed. This proof does not support the declaration. In case of the modification of a contract, the suit must be brought, if at all, on the contract as modified. Lanitz v. King, 93 Mo. 513, 519; Phips v. Rose, 8 Johns. 392; Freeman v. Adams, 9 Ib. 115; Harrison v. Polar Star Lodge, 116 Ill. 279–287.

Concisely stated, the law is that a plaintiff declaring on

one contract can not recover on proof of another.    Our conclusion being that, on the pleading and evidence in the record the plaintiff can not recover, it is unnecessary to consider other and minor questions discussed by counsel.

The judgment will be affirmed.