**FISHER IRON & STEEL CO. v. ELGIN, J. & E. RY. CO.**

No. 6663.

Circuit Court of Appeals, Seventh Circuit.
Jan. 11, 1939.

Paul E. Price, of Chicago, Ill., and A. L. Skolnik, of Milwaukee, Wis., for appellant.

Kemper K. Knapp, John H. Hershberger, and Harlan L. Hackbert, all of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court entered January 26, 1938, sustaining defendant's motion to dismiss plaintiff's amended complaint for failure to state a cause of action.

Insofar as is here material, the amended complaint alleged in substance that—

"(1) The defendant on June 17, 1937, by letter set forth as exhibit 'A' to such amended complaint, solicited plaintiff's offer to purchase rail, angle bars, etc., from a seven mile stretch of defendant's abandoned railroad track.

"(2) The plaintiff, on June 21, 1937, by letter set forth as exhibit 'B' to such amended complaint, made an offer to defendant to purchase such property.

"(3) Plaintiff's offer to purchase was accompanied by a certified check for One Thousand Dollars ($1,000.00) to the order of defendant.

"(4) Plaintiff's offer to purchase expressly stipulated that the defendant make final answer on such offer on or before June 28, 1937.

"(5) The defendant retained the certified check on June 28, 1937, and until August 17, 1937, when it returned such check to plaintiff accompanied with a letter attached as exhibit 'C' to the complaint.

"(6) After June 28, 1937, the defendant 'in divers ways, by its acts, statements and conduct respecting plaintiff's offer and by continuing to retain said check for an unreasonable length of time thereafter, accepted the offer to purchase made by plaintiff.'

"(7) Plaintiff relied upon such acceptance of its offer by defendant and made preparations accordingly and held itself in readiness to perform the terms of the agreement on its part to be performed.

"(8) Plaintiff, upon receiving its certified check from defendant, returned such check to defendant insisting that defendant perform its contract and that plaintiff was ready, willing and able to perform its part. Thereafter defendant again returned such check to plaintiff and signified its intention not to perform said agreement."

The only contested issue necessary for us to consider is whether the amended complaint states a cause of action. In doing so, consideration must be given to the exhibits referred to in the complaint, attached to and made a part of the same. Exhibit "A" is a letter dated June 17, 1937,

directed by the defendant to the plaintiff, in substance suggesting to the plaintiff that defendant is the owner of an abandoned stretch of railroad track known as its Coal City branch, which it is desirous of selling, and that the plaintiff, if interested, make an inspection and purchase proposal. Exhibit "B" is a letter dated June 21, 1937, directed to defendant by the plaintiff in which it is stated that plaintiff has made an inspection of such railroad track and makes a proposal to purchase the same for the sum of $10,000, and to remove, without expense to the defendant, all parts and track accessories appertaining to the line of railroad, enclosing with such offer a certified check in the amount of $1,000 as evidence of good faith. The offer provided that the balance of the purchase price would be paid upon notification of an acceptance of the proposal. The letter stated that it was a dull season for the plaintiff and urged a reasonably quick decision in regard to the offer. The letter specifically stated "in view of the fact that we have tendered you our herein enclosed certified check we must ask that our offer be given some final answer on or before Monday, June 28, 1937." Exhibit "C" is a letter dated August 17, 1937, from the defendant to the plaintiff returning the $1,000 certified check.

■ As appears from its amended bill of complaint, it is the theory of the plaintiff that there was an implied acceptance of plaintiff's offer. The allegation in this respect is, "After June 28, 1937, the defendant in 'divers ways, by its acts, statements and conduct respecting plaintiff's offer and by continuing to retain said check for an unreasonable length of time thereafter, accepted the offer to purchase made by plaintiff.' " While a motion to dismiss undoubtedly admits that which is well pleaded, it is evident that "in divers ways, by its acts, statements and conduct respecting plaintiff's offer," is a mere conclusion of the pleader which is not admitted by such motion. Miller v. City of Chicago, 348 Ill. 34, 39, 180 N.E. 627. So there remains to be considered only the allegation that the defendant "by continuing to retain said check for an unreasonable time thereafter, accepted the offer· to purchase made by plaintiff." While it is difficult to determine from plaintiff's argument just what its theory is with reference to the time when its offer was accepted, we think, from the allegation of the complaint, that the acceptance, if such it be, must be held to have been made subsequent to June 28, 1937.

In fact, it could not be implied logically that any acceptance took place prior to that date for the reason that the plaintiff, in its offer, expressly gave to the defendant up until that date to make reply to the offer.

■ Nor do we think there could be any acceptance of plaintiff's offer after June 28th, either impliedly or otherwise. In fact, after that date there was no offer remaining which defendant could have accepted. Plaintiff had, in its offer, expressly limited the time within which an acceptance could be made. After that time plaintiff was no longer bound by its offer and even if the defendant had expressly accepted, such acceptance could not have been binding upon the plaintiff. The situation was no different than what it would have been had plaintiff, on June 28, notified the defendant that its offer was withdrawn.

■ In Waterman v. Banks, 144 U.S. 394, on page 402, 12 S.Ct. 646, on page 648, 36 L.Ed. 479, the rule is thus stated: "There can be no question but that when an offer is made for a time limited in the offer itself, no acceptance afterwards will make it binding. Any offer without consideration may be withdrawn at any time before acceptance; and an offer which, in its terms, limits the time of acceptance is withdrawn by the expiration of the time."

In Maclay v. Harvey, 90 Ill. 525, on page 528, 32 Am.Rep. 35, the court gives its approval to the rule as follows: "Where an individual makes an offer by post, stipulating for, or by the nature of the business having the right to expect, an answer by return of post, the offer can only endure for a limited time, and the making of it is accompanied by an implied stipulation that the answer shall be sent by return of post. If that implied stipulation is not satisfied, the person making the offer is released from it."

Here the court held that the person making the offer by mail was released because the offer was not accepted by return mail, it being the theory, under the circumstances there presented, that that constituted a reasonable time. It would seem the rule would apply with even greater force in the instant situation, where the offer definitely fixed a date limiting the time of acceptance. Under the situation thus presented, we think the enclosure of the certified check did not alter the legal rights of the parties. That was entirely a voluntary act on the part of the plaintiff and did

not extend the time of the offer from that expressly stated and its retention by the defendant, under such circumstances, could not obligate the defendant to the acceptance of an offer, which, by its very terms, had ceased to exist. After that date plaintiff had a right to demand and obtain a return of its check given in connection with its offer to purchase, which by its own terms was no longer in existence.

The judgment is affirmed.