Noll Baking and Ice Cream Company and H. C. Bohack Company, Inc., Appellants, v. Sparks Milling Company, Appellee.

Heard in this court at the October term, 1939. ▮ Opinion filed March 7, 1940.

O'NEILL & O'NEILL, of Alton, for appellants.

GREEN & HOAGLAND, of Alton, for appellee; E. J. VERLIE, of Alton, of counsel.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

Suit was brought in the lower court against the defendant appellee, Sparks Milling Company, hereafter called defendant, by Noll Baking and Ice Cream Company, plaintiff appellant, hereinafter called plaintiff, for the recovery of processing taxes collected from plaintiff by defendant, during the period when the Agricultural Adjustment Act was in effect. The original complaint was dismissed on motion. Plaintiff was

given leave to file amended complaint. This was done. Subsequently, the amended complaint was amended by filing an amendment thereto.

In the meantime, a similar cause of action, based upon similar contracts was filed against the defendant company by H. C. Bohack Company, Inc. The two causes of action were consolidated. A motion to dismiss the complaint for its failure to state a cause of action was again sustained, from which ruling and judgment of the court, the plaintiffs jointly prosecute this appeal.

The complaint alleges in *haec verba* the language of the contracts sued upon. Both plaintiffs and defendant recognize these numerous contracts as falling naturally into two groups, designated by them as group one and group two.

The contracts in group one, after reciting that the commodity contracted for was then subject to a tax by virtue of the Agricultural Adjustment Act, and that such tax was subject to a change or fluctuation in rate from time to time, then provided that after the date thereof, ''If any tax included in the price hereof shall be decreased or abated, then, in that event, said decrease or abatement shall be deducted from the price hereof.''

The contracts in group two, after similar recitations, provided:

''Any decrease in the processing taxes as now or hereafter imposed by any legislative or administrative branch of the United States shall inure to the benefit of the Buyer, if, as and when the benefit of such decrease has been actually realized and secured by the Seller, and shall be credited against the contract prices named in this contract to the extent—and only to the extent, that the grain used in the manufacture of the product covered by this contract is milled after the decrease in the processing tax takes effect, and to the extent that the Seller is thereby definitely relieved from the processing tax . . .''

The allegations of the complaint are to the effect that in each contract a lump-sum price per barrel of flour was specified, said prices running from $7 a barrel to $8.50 a barrel. Plaintiff, Noll Baking and Ice Cream Company, claims a refund of $9,593.42 on taxes and plaintiff, H. C. Bohack Company, a total of $9,450.65. In none of the contracts sued upon was there a separate billing of the price of the commodity, and the tax imposed upon the defendant. The complaint further alleges that these contracts were entered into and performed at divers times after May 1, 1935, and prior to January 6, 1936; that during said time the processing tax, under the provisions of the Agricultural Adjustment Act, was at the rate of $1.38 per barrel of flour; that during said period of time defendant enjoined the collector of internal revenue from collecting the tax against it; and in lieu of paying said tax to such collector was required by the court to make due return and payment thereof to the registry of the court within the time prescribed for payment of the tax to the collector of internal revenue.

It was then alleged that on January 6, 1936, the Agricultural Adjustment Act was declared unconstitutional by the Supreme Court of the United States, and the tax money paid into the registry of the court by the defendant, was thereupon returned to it. Allegation is then made that prior to May, 1935, other contracts between the parties had borne the following legend:

"This contract price included 30 cents per bushel tax on wheat which will be remitted by us to Internal Revenue Department." There is no allegation that any of the specific contracts sued upon in this suit, bore a legend.

It is contended on behalf of the plaintiffs that there was a complete understanding between the plaintiffs and defendant with reference to the tax situation arising under the contracts, that this understanding arose,

1. Out of the terms of the contracts themselves covering refunds of taxes;

2. Out of the custom and practice of inserting on the face of the contracts for a long period of time the tax items;

3. Out of the interpretation placed on the contracts by the defendant miller as evidenced in the complaint by exhibits of correspondence, and

4. By reason of the fact that the defendant miller itself made a partial refund of the processing tax to both of the plaintiffs following the action of the Supreme Court in declaring the AAA unconstitutional.

Inasmuch as the last three propositions are more or less related, and may be briefly disposed of, we will discuss them first, reserving the first, and what we regard as the most important factor, for later and more particular discussion. This suit is predicated upon a number of express contracts between the contracting parties. It is fundamental in the law and sound common sense, that there cannot be an express contract and an implied contract at the same time. *Walker v. Brown,* 28 Ill. 378; *Austin v. Wohler,* 5 Ill. App. 300. There is no ambiguity in these contracts, so far as the purchase price and the processing tax is concerned, and these are the matters germane to the issues in this lawsuit. Such being the case, trade customs, and what was inserted in other contracts, would not be admissible upon a trial of the case. The rule of law that where a contract is ambiguous and has been interpreted by the parties to it, courts will regard the interpretation placed upon the contract by the parties themselves, has no application to the case at bar, for the intention of the parties to a contract is not determined by evidence *aliunde* but by the language of the contract itself. *Englestein v. Mintz,* 345 Ill. 48; *Adams & Westlake Mfg. Co. v. Cook,* 16 Ill. App. 161; *Joliet Bottling Co. v. Joliet Citizens' Brewing Co.,* 254 Ill. 215; *Finch v. Theiss,* 267 Ill. 65.

The allegations of plaintiffs in their complaints is to the effect that the defendant promised to return the tax money. This is merely the conclusion of the

pleader and is predicated upon certain letters written by defendant to the plaintiffs, copies of which are attached to the complaint, as exhibits. An examination of these discloses that these letters were written after the contracts involved in this case were performed, and for which there seems to have been no new consideration. Where a contract is modified by a subsequent agreement, suit must be brought upon the contracts as modified and not upon the original agreement. *Iroquois Finance Co. v. Bignall Hardware Co.*, 102 Ill. App. 68. After time for performing the contract has passed, any new arrangement or undertaking must be supported by consideration. *Lindsey v. Rosen*, 255 Ill. App. 21; *Board of Education Villa Grove Tp. High School Dist. No. 231 v. Barracks*, 235 Ill. App. 35. By the same token, any voluntary reduction of the price of flour by the defendant after the Agricultural Adjustment Act had been held unconstitutional, and after the performance of the specific contracts sued upon, could not vary the terms of these contracts, and would in no event be admissible in evidence.

We now come to the first proposition, i. e. whether there is a right of action growing out of the terms of the contracts themselves to recover the amount of the processing tax. While the question of the recovery back of processing taxes has apparently never been passed upon by a court of last resort in Illinois, in the final analysis, this is but an old principle dressed in a new garb, the fundamentals are the same. In a well-considered case in this State, it has been held that where the parties to a contract have completely performed, even though the price paid was greater because of a mistake of law, there can be no recovery. *Illinois Glass Co. v. Chicago Telephone Co.*, 234 Ill. 535. More specifically, where taxes are voluntarily paid, the courts will not permit a recovery thereof if it appears that the burden was shifted by the taxpayer to others. *Richardson Lubricating Co. v. Kinney*, 337 Ill. 122. There

is no allegation in plaintiffs' complaint that the tax was not passed on and borne by their customers.

We have carefully examined all the cases cited by counsel for plaintiffs, and find no authority in any of them for holding that plaintiffs would be entitled to recover back the amount of the processing tax, voluntarily paid, with a full knowledge of the facts. Counsel rely largely upon the decision of the New York court of appeals in *Wayne County Produce Co. v. Duffy-Mott Co., Inc.*, 244 N. Y. 351, 155 N. E. 669. We think that case is distinguishable, however, from the instant case. In that case there was no written contract and the amount paid as tax and held to be recoverable was not included in the sale price of the product, but was in addition thereto and billed as a separate item. The court on p. 353 of their opinion there said, "This is not a case where the item of the tax is absorbed in a total or composite price to be paid at all events. In such a case the buyer is without remedy, though the annulment of the tax may increase the profit to the seller." The conclusion is irresistible, in the instant case, that the amount of the alleged tax was included and absorbed in the price named in the contract, and paid by the buyer, including, not only the tax, but the cost of the raw product, the cost of milling and processing the flour, the shipping rate, cost of the sack or barrel and the profit of the seller, a composite price where one item could not be set apart from any of the other component elements.

In the case of *G. S. Johnson Co. v. N. Sauer Milling Co.*, 148 Kan. 861 cited by plaintiffs, suit was brought upon certain contracts to recover back processing tax, upon the theory that there existed an express trust and that said funds constituted a trust fund which should be administered in a court of equity. The plaintiff prayed for an accounting, that defendant be decreed to be a trustee and restitution made. In this case the court held that the processing tax was a composite price, not being billed as a separate item. The court said, "The

money in question was paid by the plaintiff to the defendant in accordance with the terms of a written contract. The payment was voluntarily made with full knowledge of the facts. There was no charge of fraud, coercion or mistake. The rights of the parties are measured by the contract." The court further held that there was no basis for the establishment of a trust on the ground of a quasi-contractual obligation.

In *Moundridge Milling Co. v. Cream of Wheat Corp.*, 105 F. (2d) 366, also cited by plaintiffs, the court followed the reasoning of the court in the Kansas case, *supra* holding the price to be a composite price, and that there could be no recovery back of the processing tax.

In the case of *Kerber Straw Hat Corp. v. Lincoln*, 266 N. Y. 410, cited by counsel for plaintiffs, there was an agreement to sell straw hats at $5.60 per dozen, the buyer to pay present rate of duty on present valuation at port of shipment, any change in rate or advance or decline in value, necessitating a change in the amount of duty was for the account of the buyer. In that case the complaint further alleged that there was a difference of 10 per cent in duty paid as excess, by ruling of the United States customs court. The court held that plaintiff had an action to recover the excess paid, but there the parties had contracted specifically with reference to advance and decline, and the duty was set apart from the price of the commodity.

*American Chain Co., Inc. v. Hartford-Connecticut Trust Co.*, 86 F. (2d) 105, is easily reconciled with the cases above cited, for in that case the seller billed its customers, adding at foot of invoice, "1/21 of the above amount represents Federal Excise Tax."

The facts in the instant case are very similar to those in the case of *Johnson v. Igleheart Bros., Inc.*, 95 F. (2d) 4. There too, suits were brought to recover back processing taxes, that were included in the price of flour sold, no mention being made of the amount of processing tax included in the purchase price. The lan-

guage of the contracts in that case was very similar to that used in this case, the parties therein providing against either an increase or decrease in said process tax, and they used also the words, "decrease, or abatement" with reference to said tax. In the *Igleheart* case, the court said, "It is urged upon us, however, that notwithstanding the want of express language to cover the situation presented, the court should construe the contracts as containing an implied promise to refund to the plaintiff that part of the purchase price which went to make up the processing tax. In other words, we are asked, by construction, to afford the plaintiff protection against a contingency other than that which the parties themselves provided." In the instant case there is no claim of fraud, or mutual mistake, the parties were dealing at arms' length, and expressly provided for any increase or decrease, or abatement of this tax, but made no provision whatsoever, for the law under which the tax was levied being nullified by the pronouncement of the courts. It is not the province of the courts to add to contracts of parties, elements which they did not themselves provide, nor to protect one of the contracting parties against a subsequent contingency, which would have been advantageous to him, had he but foreseen it. The circuit court of appeals, speaking through Judge MAJOR further says, in the *Igleheart* case, "In the instant case the amount of the alleged tax was included and absorbed in the price named in the contract and paid by the buyer, and we think it was a price to be paid at all events." The court then held that the plaintiff was not entitled to recover under the contracts sued upon.

We feel constrained to hold under the ruling in the *Igleheart* case, *supra* and other cases cited in this opinion, that the consolidated complaint did not state a cause of action, and the trial court did not err in dismissing it. The judgment of the lower court will be affirmed.

*Judgment affirmed.*