EARL B. LeMENGER, Plaintiff-Appellant, *v.* JACK FITZGERALD, *et al.,* Defendants-Appellees.

(No. 71-76;

Third District—November 5, 1971.

Adamowski, Newey & Riley, of Chicago, for appellant.

O'Brien, Faulkner & Garrison, of Joliet, (James Garrison, of counsel,) for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by plaintiff Earl B. LeMenager from an order granting the defendants' motion for judgment on the pleadings. The complaint in the cause prayed for judgment against Jack Fitzgerald, mayor of the city of Manhattan, Wallace Gustafson, David Murphy, Carl Winter, William Chillios, Douglas Blotti and Charles Blotti, asserted to be members of the corporate authority of Manhattan, which is organized as a village. The complaint alleged that the plaintiff was the owner of a multiple housing unit in the village of Manhattan and asserts that on

June 26, 1969, the building was destroyed by fire which was of incendiary origin. There had been a series of incendiary fires in the area prior thereto. It is further alleged that subsequent to the fire, plaintiff learned that there was no police protection in the village that night, and that the failure to provide such protection was willful and wanton negligence on the part of the mayor and members of the corporate authority, because this fire was one of a recent series. It was also alleged that the defendants knew or in the exercise of reasonable care must have known, that all buildings in the village, including plaintiff's, were in danger of incineration. Damages were claimed for loss of income, loss of recent improvements and cost of rehabilitation, and judgment was prayed for the sum of $60,000. Defendants filed a motion for judgment on the pleadings pursuant to section 45 of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 45(5).) The village was not sued, but only the mayor and members of the village board were made defendants. The trial court allowed the motion for judgment on the pleadings. The issue before this court, therefore, is whether a public employee is liable in damages for failure to furnish police protection under the facts alleged. The complaint alleged that a police department had been created by defendants, but that the department had been withdrawn and that there was no police department at the time of the fire.

■■ The action for judgment on the pleadings was appropriate procedure in the instant case. (Ill. Rev. Stat. 1969, ch. 110 par. 45(5).) The significant provision of the applicable statutes involved in this cause (The Local Government and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1969, ch. 85, pars. 1—101 *et seq.*) is found in Article IV, pars. 4—102 of the Act, in which it is specifically provided:

"Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for a failure to provide adequate police protection or service, failure to prevent the commission of crimes and failure to apprehend criminals".

In par. 1—207 of the same Act, "public employee" is defined as meaning an employee of a local public entity, and in par. 1—202 "employee" includes an officer, member of a board, commission or committee, servant or employee, whether or not compensated, but does not include an independent contractor.

It is thus apparent that the legislature by the Immunity Act granted extensive and specific immunity to public officials for failure to establish a police department or to provide any police protection or adequate police protection or for failure to prevent crimes. The statute in question

has been expressly declared constitutional by the Supreme Court of this State in *Maloney v. Elmhurst Park District*, 47 Ill.2d 367, 265 N.E.2d 654.

The statute specifically grants immunity for failure to establish a police department or otherwise to provide police protection service. It likewise specifies that if police protection is provided, the public employee is not liable for failure to provide adequate police protection or service or for the failure to prevent commission of crimes or failure to apprehend criminals. The contention is made by plaintiff, on appeal in this cause, that a liability exists for the reason that the village authorities had established a police department and then had dissolved the program. We see no basis for liability resulting from such procedure.

■■ The statute specifically states that failure to provide police protection does not subject the municipality or the employees to liability for such failure. There is nothing in the enactment which implies an intention to limit the immunity granted to a situation where a municipality fails to undertake a police program. We find no basis in the Act or otherwise for liability of municipal employees in a situation where a village undertakes a police program and then dissolves such police program. Had the legislature so intended, it would have so provided expressly. An illustration of such specific exception is noted in the Fire Protection Sections of Article V of the Immunity Act where there is a specific grant of immunity but where there is an exception to the effect that the Immunity Act does not exempt from liability for bad condition or negligent operation of motorized fire equipment (Ill. Rev. Stat. 1969, ch. 85, par. 5—103; Illinois Municipal Code, ch. 24, par. 1—4—4). No exceptions, however, are enumerated for any police functions.

We see no basis for liability in the cause before us through construction of the Act referred to. Certainly, the language of the Act which grants immunity for inadequate police protection or failure to prevent the commission of crime, clearly covers the situation where there had been a withdrawal of a previously established police system, since under the Act there is no liability if no police protection at all is furnished nor is there liability if police protection which is furnished is inadequate. The plantiff was, therefore, not justified in relying on police protection to protect him as against a potential incendiary destruction of his property with a consequential action against public employees if his property was destroyed. He could not have a cause of action if there was no police protection provided at any time nor could he have such action if there was some police protection even though completely inadequate. It follows, therefore, that no cause of action was stated in the instant case.

We must, therefore, conclude that the action of the Circuit Court of

Will County in dismissing the complaint of plaintiff on motion was proper and should be affirmed.

Judgment affirmed.

STOUDER and DIXON, JJ., concur.