CHICAGO TEACHERS UNION, Plaintiff-Appellant, v. THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee.

(No. 56981;

First District (3rd Division)—August 2, 1973.

Jacobs, Gore, Burns and Sugarman, of Chicago, (Joseph M. Jacobs and John Ligtenberg, of counsel,) for appellant.

James W. Coffey and John T. Mehigan, both of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Chicago Teachers Union, appeals from an order of the circuit court of Cook County denying its request for a preliminary injunction against defendant, Board of Education of the City of Chicago.

On January 17, 1972 defendant adopted its annual budget for the operation of the school system of the City of Chicago for the year. This budget provided for the elimination of approximately 640 non-teaching, non-tenure positions and for the reassignment of employees occupying these positions to teaching positions for the purpose of economy. On the effective date of the budget, plaintiff, on behalf of those teachers whose positions were being eliminated, filed this action.

Plaintiff's verified complaint in its aspects relevant to this appeal claimed that the removal of the above noted employees from their positions was without notice or hearing and often in violation of seniority rights. Plaintiff requested a preliminary injunction seeking to enjoin temporarily the elimination or reduction of the positions designated.

Defendant filed a motion to strike and dismiss the complaint asserting, among other grounds, that the plaintiff's complaint for injunction and other relief failed to state a cause of action and that the allegations of the verified complaint consisted of argument and conclusions, not fact. After a hearing, consisting of an examination of the pleadings and arguments of counsel, the trial court denied plaintiff's motion for a preliminary injunction, holding that, as a matter of law, plaintiff's complaint did not establish a basis for relief. Plaintiff on appeal contends that the elimination of the designated positions without notice of hearing was violative of federal due process guarantees and of the laws of the State of Illinois, and that its verified complaint established a basis for the issuance of a preliminary injunction.

After filing its appeal, plaintiff in this court filed a motion, supported by suggestions, for a preliminary injunction. Defendant filed objections,

and its objections were also supported by suggestions. This court denied plaintiff's motion for a preliminary injunction and thereafter, both sides elected to allow their pleadings to stand in lieu of briefs.

■■ Section 31 of the Civil Practice Act requires that, in stating any cause of action, substantial averments of fact must be set forth. In determining the sufficiency of a pleading, well pleaded facts must be taken as true, but conclusions need not be accepted. *Kniznik v. Quick* (1970), 130 Ill.App.2d 273, 264 N.E.2d 707.

Many portions of plaintiff's complaint consisted of conclusions rather than substantial averments of fact. Plaintiff alleged throughout the complaint that seniority rules were not uniformly applied, or that as a result of defendant's actions teachers were "being removed from their teaching positions in violation of their seniority rights." However, the complaint did not set forth the nature of the seniority rights allegedly violated. The complaint further alleged that defendant's action would result in the release of many full time substitute teachers in violation of an implied contract. Yet, the basis of this implied contract or any causal chain between defendant's present action and the alleged layoffs was not set forth.

■■■ The nature of the claimed violation of seniority and contract rights has not been set forth with the requisite specificity of fact to be a sufficient basis for the issuance of a preliminary injunction on this ground. However, plaintiff's contention that neither hearings nor notice were given to those employees whose positions were to be terminated is clearly asserted and requires our consideration.

Relying primarily on *Roth v. Board of Regents of State Colleges* (7th Cir. 1971), 446 F.2d 806, and *Shirck v. Thomas* (7th Cir. 1971), 447 F.2d 1025, plaintiff argues that those teachers whose former positions were terminated had a constitutional right to a statement of reasons for the termination of their positions and a hearing with an opportunity to respond.

■■ While defendant points out significant differences between the *Roth* and *Shirck* cases and the instant situation, we need not consider those differences since the holdings in these cases have been overturned by the Supreme Court. In *Board of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, the court held that the plaintiff professor did not have a due process guarantee to the procedural rights of a hearing and a statement of reasons for non-renewal. In *Shirck v. Thomas* (1972), 408 U.S. 940, the Supreme Court vacated the judgment of the Circuit Court of Appeals that a high school teacher was entitled to a hearing on non-renewal, and remanded the cause for further consideration in

light of its opinion in *Roth*. Upon remand summary judgment for the defendant school district was upheld. (*Shirck v. Thomas* (7th Cir. 1973, No. 18790)). In light of these Supreme Court decisions, we find that in the instant case due process guarantees were not violated.

Plaintiff also contends that Illinois law requires that notice and hearing must be provided to the affected teachers. Its argument can be briefly stated. Section 24—11 of the Illinois School Code, Ill. Rev. Stat. 1971, ch. 122, par. 24—11, provides that, for non-tenured teachers, 60 days' notice of non-retention must be given. Section 24—12 of the School Code, which applies to tenured teachers, provides that if removal results from the discontinuance of a particular type of teaching service, 60 days' written notice shall be given together with a statement of reasons. Defendant contends that these notice requirements were applicable to, but not complied with, in the instant case.

■■ We initially observe that except for vague charges that a certain number of teachers will be discharged as the result of the defendant's actions, the instant complaint is concerned, not with the summary dismissal of teachers, but with the reassignment of various teachers to actual classroom teaching positions. Moreover, section 24—11 and 24—12 of the School Code do not apply to Chicago schools, which are covered by article 34 of the Code, but to schools outside Chicago. The courts have recognized that the far more complex problems of Chicago schools may require different modes of operation. *Latham v. Board of Education of the City of Chicago* (1964), 31 Ill.2d 178, 201 N.E.2d 111; *Hamer v. Board of Education of School Dist. No. 109* (1972), 47 Ill.2d 480, 265 N.E.2d 616.

Accordingly, the order of the circuit court of Cook County is affirmed.

Order affirmed.

DEMPSEY, P. J., and McGLOON, J., concur.