SAMUEL H. POLLACK et al., Plaintiffs-Appellants, v. MARATHON OIL COMPANY, Defendant-Appellee.

(No. 75-309;

Fifth District—January 14, 1976.

Robert S. Hill, of Benton, for appellants.

James B. Wham, of Wham & Wham, of Centralia, and C. Richard Turnbow, of Marathon Oil Company, of Robinson, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal from the dismissal of plaintiffs' amended complaint as amended and from the entry of judgment on the pleadings in favor of defendant. The only issues involved are whether the amended complaint as amended was sufficient to state a cause of action and whether the trial court erred in rendering judgment on the pleadings.

Plaintiffs, Samuel H. Pollack and Thomas A. Pollack, doing business as Pollack Brothers Oil Producers, filed their original complaint on December 8, 1972. The gist of the original (and of the later amended) complaints was that plaintiffs and defendant, Marathon Oil Company, had allegedly entered into a contract for the sale of certain oil and gas leases and that defendant had refused to perform on the alleged contract.

On January 15, 1973, defendant filed a motion to dismiss plaintiffs' original complaint for failure to state a cause of action. On February 22, 1973, plaintiffs were granted leave to amend the complaint, and on March 2, 1973, plaintiffs filed an amended complaint. Defendant, on March 23, 1973, again filed a motion to dismiss for failure to state a cause of action. The motion to dismiss was allowed on May 7, 1973, and the plaintiffs were given 28 days to again amend. Plaintiffs filed their amendment to the amended complaint on June 4, 1973, and defendant thereafter, on June 20, 1973, again filed a motion to dismiss for failure to state a cause of action. The motion to dismiss the amended complaint as amended was

argued and allowed on November 19, 1973. On December 20, 1973, plaintiffs filed a motion for "rehearing and reconsideration of defendant's motion to dismiss and judgment of dismissal." The trial judge who had been presiding over the case discovered that he had a potential conflict of interest in the case because of the purchase of a small amount of oil by Marathon Oil Co., which had been produced by the lessee of land in which the judge owned the mineral rights. The trial judge, therefore, on February 11, 1974, allowed plaintiffs' motion for rehearing and withdrew from the case. The motion to dismiss was then argued before a different judge, and, on April 14, 1975, the motion to dismiss was granted and judgment on the pleadings was entered in favor of defendant. Plaintiffs filed their notice of appeal on May 14, 1975.

■■ Plaintiffs' original complaint and their first amended complaint had attached thereto and incorporated various written instruments, including the invitation to bid published by defendant, the bid submitted by plaintiffs, and various letters which had been sent between plaintiffs and defendant. Plaintiffs' amended complaint as amended had attached thereto and incorporated only the invitation to bid. Defendant urges us to look at the various written instruments attached to plaintiffs' first two complaints and thereby determine that no contract existed. However, none of the complaints were verified. We cannot, therefore, look to either the allegations or attachments of the original or first amended complaint. An amendment complete in itself, which does not refer to or adopt a prior, unverified pleading, supersedes the prior pleadings; and the prior pleading ceases to be part of the record for purposes of determining a motion to dismiss, for the prior pleading is, in effect, abandoned or withdrawn, with the result that the last amended pleading cannot be aided by anything, including written instruments, which was part of the prior pleading but not part of the amended pleading. *W. P. Iverson & Co. v. Dunham Manufacturing Co.*, 18 Ill.App.2d 404, 152 N.E.2d 615; *Yarc v. American Hospital Supply Corp.*, 17 Ill.App.3d 667, 307 N.E.2d 749; *Stemm v. Rupel*, 30 Ill.App.3d 864, 332 N.E.2d 686; 30 Ill.L.&Pr. *Pleading* § 20, at 31 (1957).

In determining the sufficiency of plaintiffs' amended complaint as amended, the relevant portions of that complaint are the following:

"3. During July of 1972, the Marathon Oil Company advised that it was offering certain oil properties known as the Bungay Unit in Township 4 South, Range 7 East, Hamilton County, Illinois. That this offering was in accordance with an invitation to bid, a copy of which is attached hereto, and marked 'Exhibit A', and by reference made a part hereof.

4. Thereafter, a contract, partly in writing and partly oral, was

entered into between the Plaintiff and Defendant by which the Defendant undertook to sell the properties listed in 'Exhibit A' to Plaintiff for and in consideration of the sum of Five Thousand One Hundred and 15/100 ($5,100.15) Dollars. That a condition to the performance of said agreement that the successful or high bidder 'will be subject to final approval by the working interest owners of the Bungay Unit.' That thereafter and within a reasonable time the working interest owners of the Bungay Unit approved this offer, except for one owner, who owned a minority interest in seven of the underlying tracts, making up a total participation within the Unit establishment between the parties at the rate of less than 20 per cent. The Defendant at no time undertook to exercise its reserved right to reject any bid, but instead accepted the bid of the Plaintiff."

Section 31 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 31) requires that substantial averments of fact must be alleged in stating a cause of action. Although properly pleaded allegations and well-pleaded facts must be taken as true and admitted in the face of a motion to dismiss, conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which the conclusions are based are never admitted by a motion to dismiss. *Roemer v. Zurich Insurance Co.*, 25 Ill.App.3d 606, 323 N.E.2d 582; *Kuch & Watson, Inc. v. Woodman*, 29 Ill.App.3d 638, 331 N.E.2d 350.

A general allegation that a contract exists is, in the absence of a statement of supporting facts, a mere legal conclusion, which is not admitted by a motion to dismiss or a motion to strike. (*Odle v. Hoopeston Canning Co.*, 270 Ill.App. 432; *Barnes v. Peoples Gas Light & Coke Co.*, 103 Ill.App.2d 425, 243 N.E.2d 855; 30 Ill.L.&Pr. *Pleading* § 7, at 12, and § 11, at 16—17 (1957).) When pleading the existence of a contract, the pleader must allege facts sufficient to indicate offer, acceptance, and consideration. *Barnes v. Peoples Gas Light and Coke Co.*

Several decisions have discussed the necessity of pleading sufficient facts in settings analogous to that of the instant case, some of which merit discussion here. In *Odle v. Hoopeston Canning Co.*, the court considered the sufficiency of an allegation in the complaint that "it was mutually then and there definitely agreed between appellant and appellee that appellant would plant forty acres of said land." The court concluded that such averment was "but a pure conclusion of law" and "not a sufficient allegation of mutual promises." 270 Ill.App. 432, 440.

In *Fisher Iron & Steel Co. v. Elgin, J. & E. Ry. Co.* (7th Cir. 1939), 101 F.2d 373, the plaintiff sought to recover for breach of a contract which the plaintiff intended to establish on the basis of an implied accep-

tance on an offer which had been made by the plaintiff to purchase certain railroad materials. The plaintiff's complaint alleged that the defendant had in "divers ways, by its acts, statements and conduct respecting plaintiff's offer and by continuing to return said check for an unreasonable length of time thereafter, accepted the offer of purchase made by plaintiff." The court stated:

> "While a motion to dismiss undoubtedly admits that which is well pleaded, it is evident that 'in divers ways, by its acts, statements and conduct respecting plaintiff's offer,' is a mere conclusion of the pleader which is not admitted by such motion. Miller v. City of Chicago, 348 Ill. 34, 39, 180 N.E. 627." (101 F.2d 373, 374.)

Similarly, in *Noll Baking & Ice Cream Co. v. Sparks Milling Co.*, 304 Ill. App. 624, 26 N.E.2d 425, an allegation in a complaint that the defendant had promised to return certain money was held to be a mere conclusion of the pleader.

In *Barnes v. Peoples Gas Light & Coke Co.*, the court, after pointing out that the plaintiff had failed to allege facts sufficient to indicate offer, acceptance, and consideration, stated:

> "No cause of action for the breach of a contractual obligation is stated. The complaint does not purport to be based on a written instrument such as a tariff. If it were, then, of course, the relevant portions of that instrument would have to be recited in, or attached to, the pleading, and, as indicated, they were not. [Citation.] We can only conclude, therefore, that the contract to which plaintiff alludes must have been oral. Yet, plaintiff alleges no other facts from which a duty not to discontinue his service would arise."

103 Ill.App.2d 425, 428-29, 243 N.E.2d 855, 857.

The court in *Yarc v. American Hospital Supply Corp.* held that, despite the mandate of section 33 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 33) that pleadings should be liberally construed in order to effectuate substantial justice between the parties, the plaintiff's second amended complaint was properly dismissed. In *Yarc* the plaintiff sought to establish a hold-over tenancy. The court on appeal pointed out that the second amended complaint alleged that the defendants had "acquiesced" in the plaintiff's activities and "elected" to permit the plaintiff to remain on the premises in question. The court held that such terms were mere conclusions and that the second amended complaint was devoid of the necessary facts which would support the allegation of a hold-over tenancy. The court pointed out that liberal construction cannot supply fatal deficiencies, such as, the necessary factual allegations.

In *Kuch and Watson, Inc. v. Woodman*, plaintiff's complaint alleged that it had entered a construction contract after having relied on "assur-

ances" by the defendant concerning work previously done on the project involved. The court stated:

"The question presented is whether the amended complaint states a cause of action against either defendant. In determining the legal sufficiency of a complaint on a motion to dismiss, all well-pleaded facts are to be taken as true for purposes of the motion, but mere conclusions of the pleader may be disregarded. * * * Section 31 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 31), requires that in stating a cause of action, substantial averments of facts must be alleged. Merely alleging that 'assurances' were made without alleging, for example, when they were made, by whom and to whom they were made, whether they were oral or written or the substance of the alleged assurances, renders the allegation merely conclusory and not well pled and thus may be disregarded in ruling on a motion to dismiss." 29 Ill. App.3d 638, 641, 331 N.E.2d 350, 353.

In light of the pronouncements of these cases, it is clear that the instant complaint must fall in the face of a motion to dismiss for failure to state a cause of action. Plaintiffs' complaint in its entirety, and particularly in the relevant portions set out above, is a series of conclusions of the pleader, unsupported by any averments of necessary, supportive facts.

■■ The complaint alleges that a "contract, partly in writing and partly oral, was entered"; that defendant "undertook to sell" certain properties listed in the attached exhibit to plaintiffs for $5,000.15; that the working interest owners "approved this offer"; and that defendant did not exercise its "right to reject" any bid but instead "accepted" the bid of plaintiffs. Nowhere in this amended complaint as amended is there a specific allegation that an offer or bid was made by plaintiffs or an allegation of the manner in which it was made, that is, whether it was oral or written, or when it was made, or to whom it was made. More importantly, however, even assuming that an offer or bid was made by plaintiffs, and we have no doubt that it was, the complaint is completely devoid of any specific allegation of facts concerning the alleged acceptance by defendant of plaintiff's bid. To say that a contract "was entered," or that the parties "approved" the bid, or that defendant "accepted" is to state a mere legal conclusion. If defendant accepted the bid or offer of plaintiffs in writing, then the written acceptance should have been shown in the complaint. If the acceptance was oral or arose by operation of law, then the specific facts supporting this theory of acceptance should have been alleged. Since plaintiffs' amended complaint as amended is completely devoid of the necessary factual allegations, the trial court acted properly in granting defendant's motion to dismiss.

Plaintiffs present the additional issue that the trial court erred in rendering judgment on the pleadings in favor of defendant. With this contention we agree.

■■ "In the revision of the Civil Practice Act in 1955, section 45, paragraph 5 provided that any party may seasonably move for judgment on the pleadings. Before the adoption of that section our courts had sanctioned such judgments. A motion [for judgment] on the pleadings is of common law origin and the right to enter judgment on the pleadings is inherent in every court of record, when the facts shown and admitted by the pleadings entitle a party to such judgment." (*Oak Park National Bank v. Peoples Gas Light & Coke Co.*, 46 Ill.App.2d 385, 393, 197 N.E.2d 73.) A motion for judgment on the pleadings, like a motion for summary judgment, submits to the court a question of law as to whether or not there is an issue of fact to be tried. (*City of Chicago v. Mendelson*, 14 Ill.App.3d 950, 304 N.E.2d 16; *Bleck v. Cosgrove*, 32 Ill.App.2d 267, 177 N.E.2d 647; *Tompkins v. France*, 21 Ill.App.2d 227, 157 N.E.2d 799.) Motion for judgment on the pleadings is generally made after issues have been settled by pleading and the court has the right to consider both the complaint and answer.( *Oak Park National Bank v. Peoples Gas Light & Coke Co.*) However, the motion may be addressed to a complaint which is insufficient as a matter of law to state a cause of action and does not, therefore, tender a triable issue of fact. *Bohnert v. Ben Hur Life Association*, 362 Ill. 403, 200 N.E. 326; *LeMenger v. Fitzgerald*, 1 Ill.App.3d 803, 274 N.E.2d 913.

■■ Section 45(5) of the Civil Practice Act contemplates the consideration of a motion for judgment upon a complaint, considered without the filing of additional pleadings, if the motion is "seasonable." Nevertheless, unless the plaintiff has elected to stand on his complaint or it reasonably appears that the plaintiff will be unable in any event to file an amended complaint that will state a cause of action, it would be an abuse of discretion for a trial court to finally terminate an action by granting such motion, thereby foreclosing plaintiff of his right to have his day in court. Such is the case here. It appears that defendant was asking for judgment on the pleadings pursuant to section 45(5) of the Civil Practice Act, but it also appears that the reasons and argument advanced by defendant in support of its position are based upon the exhibits attached to the original complaint, now superseded, and suggests or implies that such exhibits constitute all the evidence available to plaintiffs. On the other hand, plaintiffs strenuously argue in their brief that there are ample facts extant in the case, not alluded to in the exhibits, that will enable them to prevail in their action. We cannot here, of course, determine the validity of the argument of either party. But it does appear that under

the circumstances present it was an abuse of discretion for the trial court to enter judgment against plaintiffs upon consideration of their amended complaint as amended, alone. Properly, upon dismissal of plaintiffs' amended complaint as amended, the trial court should have determined whether plaintiffs (1) elected to stand on their amended complaint as amended, or (2) would be unable in any event to file an amended complaint that would state a cause of action. In view of plaintiffs' contentions regarding the evidence available to them in the prosecution of their case, they should be afforded an opportunity to file a second amended complaint.

Reversed and remanded with directions that plaintiffs be permitted to plead anew.

KARNS, P. J., and G. J. MORAN, J., concur.