RICHARD McCAULEY, a Minor, by Earline McCauley, his Mother and Next Friend, Plaintiff-Appellant, *v.* THE CHICAGO BOARD OF EDUCATION *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 77-922

Opinion filed November 21, 1978.

Benjamin and Shapiro, of Chicago, for appellant.

Heineke & Schrader, of Chicago (Paul H. Heineke and Thomas P. Brown, of counsel), for appellee Chicago Board of Education.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Plaintiff brought an action on behalf of her minor son, Richard McCauley, to recover damages for injuries caused by the alleged wilful and wanton conduct of defendants, Elise Mahern (his teacher) and the Chicago Board of Education. Defendants moved to strike and dismiss the complaint for failure to state a cause of action pursuant to sections 45 and 48 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, pars. 45 and 48). The court granted defendants' motion to dismiss, and plaintiff appeals.

The sole issue presented for review is whether the trial court erred in ruling plaintiff's complaint failed to state a cause of action against defendants for wilful and wanton misconduct.

We affirm.

On March 14, 1975, Richard McCauley was a kindergarten student at Lathrop Elementary School in Chicago. His teacher, Elise Mahern, placed a water-filled teapot on a table in the classroom and plugged in the appliance. During the course of classroom activities Richard's foot became entangled in the electric cord attached to the teapot. The pot overturned, and the boiling water allegedly scalded Richard. Upon these facts plaintiff alleges that defendants Mahern and the Chicago Board of Education were "guilty of conduct which could be considered wilful and wanton."

■■ At the outset we note that all parties agree that in order to recover against defendants, wilful and wanton conduct must be proved. This requirement results from the School Code providing that teachers stand in the relationship of parents and guardians to pupils. (See Ill. Rev. Stat. 1975, ch. 122, pars. 24—24, 34—84a.) These sections confer upon teachers *in loco parentis* status in both disciplinary and nondisciplinary matters. Teachers thus are not subject to any greater liability than parents who are liable to their children for wilful and wanton misconduct but not for mere negligence. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.) The complaint therefore must be examined to determine whether the pleadings raise a genuine issue of wilful and wanton misconduct by defendants in the supervision of plaintiff's kindergarten class.

■■ In determining the legal sufficiency of a complaint on a motion to dismiss, all well pleaded facts are to be taken as true for purposes of the motion (*Kuch v. Watson Inc. v. Woodman* (2d Dist. 1975), 29 Ill. App. 3d 638, 331 N.E.2d 350), and a reviewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. (*J. J. Harrington & Co. v. Timmerman* (1st Dist. 1977), 50 Ill. App. 3d 404, 407, 365 N.E.2d 721.) However, mere conclusions of

law which are unsupported by the facts alleged may be disregarded by the court in ruling on a motion to dismiss. *Pollack v. Marathon Oil Co.* (5th Dist. 1976), 34 Ill. App. 3d 861, 864, 341 N.E.2d 101.

■■ Paragraphs 6 and 7 of the complaint read as follows:

> "6. Notwithstanding said duty Defendants were guilty of conduct which could be considered wilful and wanton in that Defendant, Elise Mahern, instructed and allowed the Plaintiff and other children to play under a table in the classroom upon which Defendant, Elise Mahern, was boiling water for tea for herself. In addition, the electric cord was plugged into the wall and hanging next to the table.
>
> 7. On said date, Plaintiff's foot entangled in the wire causing the boiling water to fall and pour upon him causing permanent injury and scarring."

As a general rule a cause of action should not be dismissed upon pleadings unless it clearly appears that no set of facts can be proved under the pleadings which would entitle plaintiff to relief. (*White Way Sign & Maintenance Co. v. Montclare Lanes* (1st Dist. 1976), 42 Ill. App. 3d 199, 201, 355 N.E.2d 632.) Wilful and wanton misconduct must be manifested by the facts alleged in the complaint. While in the case at bar the facts in the complaint might raise an issue as to whether defendants were guilty of negligence, plaintiff is required to plead facts demonstrating wilful and wanton misconduct. Although the results may vary with the facts and circumstances of each case, wilful and wanton misconduct has been defined in *Hocking v. Rehnquist* (1969), 44 Ill. 2d 196, 201, 254 N.E.2d 515:

> "A wilful and wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by the exercise of ordinary care."

In *Clay v. Chicago Board of Education* (1st Dist. 1974), 22 Ill. App. 3d 437, 318 N.E.2d 153, plaintiff's complaint was dismissed even though it was alleged that defendants knew or should have known of the violent propensities of the student who without provocation struck plaintiff. The court held that mere conclusory allegations of wilful and wanton conduct was insufficient to state a cause of action.

■■■ In the case at bar, absent sufficient factual allegations, conclusions such as "conduct which could be considered wilful and wanton," are insufficient to withstand a motion to dismiss. (*Jarvis v. Herrin City Park District* (5th Dist. 1972), 6 Ill. App. 3d 516, 525, 285 N.E.2d 564.)

Moreover, the requirement of the Civil Practice Act that "[p]leadings shall be liberally construed" (Ill. Rev. Stat. 1975, ch. 110, par. 33(3)) "will not avail to sustain a complaint which wholly fails to state a cause of action." *Hancock v. Luetgert* (2d Dist. 1976), 40 Ill. App. 3d 808, 810, 353 N.E.2d 165.

Furthermore, even if it is assumed arguendo that plaintiff pleaded facts and not mere conclusions, we believe that those allegations would be insufficient to state a cause of action for wilful and wanton misconduct. See *Hocking v. Rehnquist*, at 201.

Because we believe the complaint failed to state a cause of action for wilful and wanton misconduct and thus the trial court did not err in dismissing plaintiff's complaint, we need not address the other issues raised by defendant. For the foregoing reasons we affirm.

Affirmed.

STAMOS, P. J., and BROWN, J., concur.