DENNIS J. KONICKI, Counterplaintiff-Appellant, *v.* THE VILLAGE OF HINSDALE *et al.*, Counterdefendants-Appellees.

Second District    No. 81-36

Opinion filed September 30, 1981.

Kathleen P. Konicki, of Willowbrook, for appellant.

Jay Judge, of Judge, Drew, Cipolla & Kurnik, Ltd., of Park Ridge, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Counterplaintiff, Dennis J. Konicki, appeals from an order of the circuit court of Du Page County which dismissed his counterclaim against counterdefendant Village of Hinsdale for not stating a cause of action. Count I of the counterclaim was directed against the village and its count II against counterdefendant, Charles Schmidt, the village building commissioner. While both counts were dismissed, Konicki appeals solely from the dismissal of count I.

The village filed a complaint for injunction against Konicki on March 2, 1976, in which it was alleged that he had violated certain setback provisions of the village zoning ordinance by constructing an overhead "tennis bubble" to enclose an existing tennis court located at 232 East

Eighth Street in Hinsdale. The village sought to enjoin Konicki permanently from using the overhead structure and, further, prayed for an order requiring the removal of the tennis bubble. Konicki filed an answer in which he asserted as an affirmative defense that the village was estopped from maintaining the injunctive action by reason of certain statements which Schmidt, the village building commissioner, had made to him upon which Konicki had relied in undertaking the construction. Subsequently, Konicki filed a counterclaim against the village and Schmidt in which he sought monetary damages in the sum of $30,000.

Count I of the challenged counterclaim, which was entitled "COUNTERCLAIM FOR MONEY DAMAGES," alleged the following pertinent facts. On September 15, 1975, Konicki's agent, William Ahmen, approached the village "for the purpose of obtaining whatever authority was necessary to erect an air structure known as a 'tennis bubble' " within the village. Ahmen was directed to speak with Charles Schmidt, the village building commissioner. During the conversation which ensued, Ahmen asked Schmidt if there were any zoning restrictions which would prevent the use of an air structure over an existing tennis court situated at 232 East Eighth Street. Schmidt replied that there were no zoning restrictions which would preclude that use. Ahmen then asked Schmidt if the erection of the air structure would violate any setback or height restriction of the village zoning ordinances and also if there were any other procedures required by the village ordinances prior to the erection of the overhead structure. Schmidt responded that the air bubble would not violate any such restrictions and, further, that Ahmen had complied with all the necessary zoning requirements. Konicki's agent Ahmen also advised Schmidt that the tennis bubble would cost approximately $30,000 to purchase and install and would be ordered and erected as a result of the conversation with Schmidt. In response, Schmidt stated that there were no zoning restrictions which would prevent the erection of the structure or would require its removal once installed. In reliance upon the statements of the building commissioner, Konicki purchased the overhead structure on October 3, 1975, at a cost of $24,500; it was installed a few months later at additional expense and was used until the filing of the village's action seeking injunctive relief. As a result of the village's suit, Konicki has been unable to use the air structure for the purpose intended and consequently has been damaged in the sum of $30,000.

In dismissing count I of the counterclaim, the trial court determined that Konicki had failed to allege therein any duty which the village owed to him or any breach thereof and, consequently, had failed to set forth a cause of action in tort. Both in his motion for reconsideration of the court's ruling granting the motion to dismiss, which was denied, and in his brief on appeal, Konicki contends that the village owed him a duty of due care and that the village had breached its duty by negligently creating a

condition which proximately injured him. Thus, our sole consideration on review is whether the trial court properly concluded that count I of the counterclaim did not allege sufficient facts to state a cause of action in tort.

■■ ■ While Konicki's counterclaim does not specifically so state, it appears from Konicki's motion for reconsideration and the arguments raised in his brief on appeal that the counterclaim attempts to set forth a cause of action sounding in negligence. It is axiomatic that in a negligence action there must be a sufficient allegation of facts establishing the existence of a duty of reasonable care owed the plaintiff by the defendant, a breach of that duty, and injury proximately resulting from such breach. (*Holton v. Resurrection Hospital* (1980), 88 Ill. App. 3d 655, 658, 410 N.E.2d 969, 972; *Gartley v. Chicago Housing Authority* (1975), 28 Ill. App. 3d 705, 708, 329 N.E.2d 252, 254.) In determining the legal sufficiency of a pleading on a motion to dismiss, all facts which are well pleaded are accepted as true for purposes of the motion (*McCauley v. Chicago Board of Education* (1978), 66 Ill. App. 3d 676, 677, 384 N.E.2d 100, 101; *Kuch & Watson, Inc. v. Woodman* (1975), 29 Ill. App. 3d 638, 641, 331 N.E.2d 350, 353), and a court of review must determine whether the allegations of the pleading, when interpreted in the light most favorable to the pleader, are sufficient to set forth a cause of action upon which relief may be granted. *Rinck v. Palos Hills Consolidated High School District No. 230* (1979), 82 Ill. App. 3d 856, 863, 403 N.E.2d 470, 474; *McCauley v. Chicago Board of Education* (1978), 66 Ill. App. 3d 676, 677, 384 N.E.2d 100, 101.

Before addressing the particular issue raised on appeal, we note that Konicki's counterclaim seeks solely an award of monetary damages. In determining that the counterclaim failed to state a cause of action for monetary damages, the trial court noted that equitable relief, not money damages, may be granted in certain circumstances in zoning cases where an applicant for a building permit or zoning change substantially alters his position, as shown by the expenditure of money, in reliance on the acts of the municipality. (See, *e.g., Cities Service Oil Co. v. City of Des Plaines* (1961), 21 Ill. 2d 157, 160-61, 171 N.E.2d 605, 607-08; *Marziani v. Lake County Zoning Board of Appeals* (1980), 87 Ill. App. 3d 425, 427, 409 N.E.2d 118, 121; *Lake Shore Riding Academy, Inc. v. Daley* (1976), 38 Ill. App. 3d 1000, 1002-03, 350 N.E.2d 17, 19; *Kirk v. Village of Hillcrest* (1973), 15 Ill. App. 3d 415, 417, 304 N.E.2d 452, 454.) The trial court granted Konicki leave to file an amended counterclaim and on his failure to do so, the court dismissed count I with prejudice. As noted earlier, Konicki did plead equitable estoppel as an affirmative defense in his answer to the village's complaint for injunctive relief. Given the above facts, we need not and do not here address the question whether Konicki's counterclaim states a cause of action for equitable relief on the basis of an estoppel theory. And, as neither party has raised an issue of whether the

Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1979, ch. 85, par. 1—101 *et seq.*) might affect count I of the counterclaim, we will not consider that further.

In support of his argument on appeal that the trial court erred in dismissing his counterclaim for failure to state a cause of action, Konicki asserts that his pleading alleges sufficient facts to establish that the village owed him a duty of due care and breached its duty. His contention here is two-fold. He first postulates that, although the village may not have had any duty to interpret its zoning ordinance or building code for him, once the village undertook an affirmative course of conduct, by interpreting its ordinance and by assuring him that his intended structure did not violate the ordinance, the village was bound to exercise due care in its actions. Consequently, he concludes that where, as here, the village negligently interprets its ordinance, thereby creating a condition which proximately causes injury, it must respond in damages for that injury. In this regard, Konicki relies upon cases which indicate that while a city may have no duty to erect devices, such as signal lights, overhead lights and stop signs, to guide, direct or illuminate traffic, once having elected to erect them a city has an affirmative duty to maintain those devices in a condition conducive to the safe flow of traffic. (*Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 382 N.E.2d 1205; *Baran v. City of Chicago Heights* (1969), 43 Ill. 2d 177, 251 N.E.2d 227; *Johnston v. City of East Moline* (1950), 405 Ill. 460, 91 N.E.2d 401; *Smith v. Godin* (1978), 61 Ill. App. 3d 480, 378 N.E.2d 218.) Thus, in the cases relied upon by Konicki, the courts have held a city liable for damages where it breaches its duty of due care by acting in a negligent manner.

■■ Konicki maintains that the principle enunciated in these cases should be applied with equal force to the case now before us. We disagree. The cases upon which Konicki relies are clearly distinguishable in that they involved the creation of defective conditions on land with respect to the direction and management of vehicular traffic. In each case, the city negligently created a condition which resulted in physical harm or property damage to the plaintiffs. By contrast, the allegations set forth in the counterclaim here indicate that the present case involves a building commissioner's negligent interpretation of a zoning ordinance and his oral assurances or representations that the structure intended to be erected conformed to or met the appropriate zoning restrictions. We perceive a substantial difference between the two situations and accordingly decline to extend the rationale of the cases upon which Konicki relies to the case at bar. *Cf. Hannon v. Counihan* (1977), 54 Ill. App. 3d 509, 369 N.E.2d 917.

■■ In the alternative, Konicki also argues that the village owed him a "special duty" of care with respect to the interpretation of its zoning

ordinance. In support of this contention, he relies principally on *Gardner v. Village of Chicago Ridge* (1966), 71 Ill. App. 2d 373, 219 N.E.2d 147, *appeal after remand* (1970), 128 Ill. App. 2d 157, 262 N.E.2d 829, *cert. denied* (1971), 403 U.S. 919, 29 L. Ed. 2d 696, 91 S. Ct. 2230, and *Schuster v. City of New York* (1958), 5 N.Y.2d 75, 180 N.Y.S.2d 265, 154 N.E.2d 534. The above cases are also distinguishable from the case now before us; they involved unique factual settings, and we believe they are limited to their particular facts. Hence, they do not control the present case. In *Gardner*, the court determined that the plaintiff stated a cause of action against the municipalities because the police had a duty to exercise reasonable care for the safety of the plaintiff and, as a result of the officers' negligence in failing to perform that duty, the plaintiff was injured. The plaintiff in *Gardner* had alleged in his complaint that four individuals had beaten him; that the police later apprehended the four suspected attackers and requested that the plaintiff accompany them to the scene of the apprehension so that the plaintiff might identify them; that when the plaintiff came to the point of apprehension, the officers allowed the four individuals to remain in close proximity to the plaintiff; and that, as a result, the four again attacked him, in the presence of the police officers, whereby the plaintiff sustained severe injuries. Similarly, in *Schuster*, the complaint alleged that the plaintiff's intestate had been shot and killed after having supplied the police with information that led to the arrest of a known criminal. The role the intestate had played in the arrest received wide publicity, and he had received threats upon his life which he had reported to the police. The court determined that the complaint stated a cause of action against the city, because the police had a duty to protect a private person where the municipality used him in making an arrest.

We conclude that Konicki has failed to set forth a cause of action for monetary damages upon which relief may be granted. Count I of the counterclaim does not contain allegations establishing that the village owed Konicki a duty of due care with respect to the interpretation of its zoning ordinance. We have not been directed to any case, nor has our independent research discovered any, which has permitted a party to recover monetary damages against a municipality in a similar factual setting. See, *e.g.*, *Rafel v. City of Elmhurst* (1956), 10 Ill. App. 2d 64, 134 N.E.2d 121 (abstract).

Accordingly, we affirm the order of the trial court dismissing count I of the counterclaim for failure to state a cause of action.

Affirmed.

REINHARD and VAN DEUSEN, JJ., concur.