*In re* MARRIAGE OF GERALD LEE WANIC, Petitioner and Plaintiff-Appellant, and JEANETTE JUNE WANIC, Respondent and Defendant-Appellee.—(Marshall Brodien, Defendant-Appellee.)

First District (1st Division)   No. 82—414

Opinion filed February 14, 1983.

Melvin B. Lewis, of Chicago, for appellant.

Berks, Berks & Marcus, of Des Plaines, for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff Gerald Wanic brought this action for criminal conversation (Ill. Rev. Stat. 1979, ch. 40, par. 1951 *et seq.*), against defendant Marshall Brodien, the alleged father of a child born to defendant Jeanette Wanic during her marriage to plaintiff, and for fraud against defendants Brodien and Jeanette. Plaintiff appeals from an order of the trial court, which dismissed count II of plaintiff's amended complaint. On appeal, plaintiff raises the following issues: (1) whether plaintiff's claim for criminal conversation is barred by the two-year statute of limitations (Ill. Rev. Stat. 1979, ch. 83, par. 15); and (2) whether plaintiff's complaint is sufficient to state a cause of action for fraud.

On September 18, 1980, plaintiff filed a complaint in the circuit court of Cook County seeking in the first count the dissolution of his marriage to defendant Jeanette Wanic, which count is not at issue in the instant appeal. The parties were married on April 16, 1967. Count II of plaintiff's complaint alleged that defendant Marshall Brodien was the father of one of the five children born to defendant Jeanette Wanic during her marriage to plaintiff and that both defendants Brodien and Jeanette Wanic intentionally defrauded plaintiff to support the child and to pay the expenses of his wife's delivery of the child. Plaintiff's complaint alleged that Jeanette became pregnant on or about January 26, 1977, as a result of sexual relations with defendant Brodien, and that a child whose natural father was Brodien was born on October 26, 1977. On the motion of defendant Brodien, the court ordered that plaintiff's second count be stricken. Plaintiff then filed an amended count II alleging criminal conversation against defendant Brodien and fraud against defendants Brodien and Jeanette Wanic.

Part A of plaintiff's amended count II alleged that defendant Brodien was the natural father of the child born to Jeanette on October 26, 1977. Plaintiff also alleged that on or about July 14, 1980, he learned for the first time that he was not the biological father of the child and that previously, he did not have knowledge of the sexual relations between his wife and Brodien. Part B of count II alleged defendants Brodien and Jeanette Wanic agreed to cause plaintiff to

believe that he was the natural father of the child born to Jeanette. As evidence of this agreement, plaintiff alleged that both defendants agreed as follows: (1) that defendant Brodien would not be expected to assume any financial obligation for the child; (2) that his wife provided plaintiff with medical pamphlets which indicated that pregnancy was possible despite plaintiff's use of contraceptive precautions, thereby forestalling plaintiff's suspicions that he might not be the biological father of the child; (3) that during Jeanette's pregnancy, plaintiff met defendant Brodien at Brodien's restaurant and that both defendants pretended that their relationship was a casual one; (4) that Jeanette knew that the child's blood type was consistent with Brodien's paternity and inconsistent with plaintiff's paternity of the child; (5) that plaintiff was informed by an anonymous telephone caller that he was not the father of the child and that upon informing Jeanette that he would have a blood test to verify or disprove paternity, Jeanette informed plaintiff that Brodien was the father of the child; and (6) that Brodien and Jeanette subsequently acknowledged that Brodien was the father of the child. Plaintiff sought damages from Brodien for the support of the child and the expenses of the delivery of the child. Plaintiff also requested punitive damages.

Defendant Brodien filed a motion to dismiss plaintiff's amended count II of the complaint pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45). Defendant Brodien contends that plaintiff's claim for criminal conversation was barred by the two-year statute of limitations because the action was brought more than two years after the alleged cause of action accrued. As to Part B of plaintiff's amended count II, defendant Brodien contended that the complaint failed to set forth any misrepresentations which gave rise to plaintiff's cause of action and that plaintiff failed to allege that he relied upon any of the claimed misrepresentations. Defendant Brodien also argued that the action was, in essence, one to establish the paternity of the child and that pursuant to the Paternity Act (Ill. Rev. Stat. 1979, ch. 40, par. 1351 *et seq.*), plaintiff lacked standing to contest paternity. Defendant Jeanette Wanic also filed a motion to strike and dismiss plaintiff's amended count II, in which motion she stated that she incorporated by reference defendant Brodien's motion.

The trial court granted defendants' motion to dismiss plaintiff's amended count II. Plaintiff subsequently filed a motion to vacate the court's order of dismissal and sought leave to file a second amended count II. The trial court denied plaintiff's motion to vacate and for leave to amend the complaint. Plaintiff appeals from both of the fore-

going orders.

Plaintiff's amended complaint seeks recovery for criminal conversation and fraud. Defendant Brodien, in his motion to dismiss the amended complaint, admits all well-pleaded facts and all reasonable inferences which may be drawn from the facts. (*Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 402 N.E.2d 885.) Additionally, a reviewing court must determine whether the allegations of the complaint, when viewed in the light most favorable to plaintiff, are sufficient to state a claim upon which relief may be granted. *Konicki v. Village of Hinsdale* (1981), 100 Ill. App. 3d 560, 427 N.E.2d 325.

The first issue raised by plaintiff requires us to determine whether the expiration of the two-year limitations period bars recovery by plaintiff for criminal conversation. Plaintiff cites recent Illinois Supreme Court cases in which a discovery rule has applied in determining when the statute of limitations begins to run. (See *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.) From plaintiff's complaint, it appears that the alleged act of criminal conversation occurred on or about January 26, 1977, or approximately three years and eight months prior to the institution of this action on September 18, 1980. In determining whether to apply the discovery rule to a particular cause of action, the supreme court has employed a test which balances the increase in the difficulties of proof with the passage of time against the hardship to plaintiff who is unaware of his cause of action. See *Nolan v. Johns-Manville Asbestos*; *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656.

Two of the three Illinois Supreme Court cases cited by plaintiff present compelling situations in which the application of a discovery rule was necessary to prevent a serious hardship to plaintiff. In the third supreme court case, the supreme court applied a discovery rule to the two-year statute of limitations in an action against a pharmaceutical company and concluded that the action was brought more than two years after plaintiff knew or should have known of an actionable wrong.

*Knox College v. Celotex Corp.* involved an action against the manufacturer of a roofing system which was installed in a building of plaintiff. Shortly after the installation of the roof in 1970, the roof began to leak and was repaired from time to time. In 1976, plaintiff was informed by a roofing contractor that the leaking may have been a result of deficiencies in defendant's roofing system. The trial court dismissed plaintiff's complaint for fraud and tortious misrepresenta-

tion against defendant because the five-year statute of limitations had run. (Ill. Rev. Stat. 1977, ch. 83, par. 16.) The supreme court concluded that a discovery rule should be applied to the statute of limitations. The supreme court stated that plaintiff was aware of the roof problems almost from the beginning, but that it was necessary to remand the action to the circuit court for a factual determination of when the statute of limitations began to run. The court also noted that the discovery rule has been applied in cases to prevent harsh results which occur from a literal reading of the statute.

In *Nolan v. Johns-Manville Asbestos,* plaintiff, an asbestos worker for Johns-Manville since 1941, brought an action in strict liability for lung injuries sustained as a result of prolonged exposure to defendants' products. Plaintiff first experienced breathing difficulties in 1957 and, in 1973, plaintiff's condition was finally diagnosed as asbestosis. Within two years from this diagnosis, plaintiff filed the lawsuit. The trial court granted summary judgment for defendants because the action was not brought within the two-year limitation period. (Ill. Rev. Stat. 1977, ch. 83, par. 15.) The supreme court concluded that a discovery rule should be applied and that the statute of limitations begins to run at the time plaintiff knows or reasonably should have known of his injury and its wrongful cause. The court recognized that the problems of proof increase over time, but that there was a hardship to plaintiff who neither knew or should have known that he was injured, especially where the time of injury could not be pinpointed. The supreme court reversed the trial court's order granting summary judgment and remanded the action for a factual determination of when the statute of limitations began to run.

In *Witherell v. Weimer,* plaintiff brought an action against, *inter alia,* a contraceptive pill manufacturer for alleged negligence, strict liability and breach of warranty. Plaintiff began taking defendant's birth control pills in 1966. After a short while, she began to experience leg problems. Plaintiff's condition deteriorated over time and, in 1973, she discontinued the use of the pills for a month. In 1978, plaintiff filed the lawsuit. The trial court dismissed the tort claims against the manufacturer because plaintiff failed to bring suit within the two-year limitation period. (Ill. Rev. Stat. 1977, ch. 83, par. 15.) The court also dismissed the warranty claim as it had not been brought within the four-year limitation period. (Ill. Rev. Stat. 1977, ch. 26, par. 2–725(1), (2).) The supreme court affirmed the dismissal of the action by the trial court because, in the factual context alleged by plaintiff, she should have been alerted more than five years prior to bringing the action that her injury was due to actionable conduct by the manufac-

turer.

In each of the foregoing cases, it appears that the Illinois Supreme Court made a case-by-case determination of whether to apply a discovery rule to the statute of limitations. *Nolan* and *Witherell* involved instances where plaintiff became ill as a result of the tortious conduct of defendant. The plaintiffs in those two cases were aware of their respective illnesses for more than two years prior to the filing of the action. In *Nolan*, the issue of when plaintiff knew or reasonably should have known that his injury was wrongfully caused was a factual issue to be determined on remand. In *Witherell*, the facts alleged by plaintiff indicated that she was aware that her injury was wrongfully caused at least five years prior to filing the action. Similarly, in *Knox College*, plaintiff was aware of the leaking problem almost from the beginning, but there existed an issue of fact as to when plaintiff knew or should have known that the problem was due to actionable conduct by defendant. In each of these three cases, the difficulties of proof do not appear to be greatly increased because of the passage of time. In applying a discovery rule to these three cases, the supreme court concluded that the hardship to plaintiff was outweighed by the increase in the difficulties of proof. See also *Rosny v. Marnul* (1969), 43 Ill. 2d 54, 250 N.E.2d 656.

■ Contrary to the foregoing three cases, an action for criminal conversation is a disfavored action. By statute, the legislature has recognized that an action for criminal conversation "has been subjected to grave abuses and has been used as an instrument for blackmail by unscrupulous persons for their unjust enrichment ***." (Ill. Rev. Stat. 1979, ch. 40, par. 1951.) In the instant case, plaintiff has not advanced any compelling reasons which would warrant the application of a discovery rule to the two-year limitation period, especially in light of the strong public policy against such an action. Further, it appears that the difficulties of establishing the alleged adultery increase substantially over the passage of time. Under the facts and circumstances presented by plaintiff herein, we conclude that the discovery rule as it pertains to an action for criminal conversation is not applicable and that, therefore, plaintiff's cause of action is barred as it was brought more than two years after the alleged actionable conduct. Ill. Rev. Stat. 1979, ch. 83, par. 15.

Plaintiff's second contention is that the trial court erred in dismissing Part B of his amended count II for failure to state a claim upon which relief may be granted and in denying plaintiff leave to file his second amended complaint. In his complaint, plaintiff alleged the existence of an agreement between defendants Brodien and Jeanette

Wanic to defraud plaintiff. According to plaintiff, defendants agreed that Brodien would not incur any expenses for the child; that Jeanette provided plaintiff with pamphlets which indicated that it was possible for Jeanette to conceive despite plaintiff's use of a contraceptive device; that defendants pretended that their relationship was casual; that Jeanette knew the child's blood type was consistent with defendant Brodien's blood type, but not plaintiff's blood type; that plaintiff was informed by anonymous telephone calls that he was not the father of the child; and that defendants admitted that Brodien was the father of the child.

In *Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 286, 402 N.E.2d 599, 601, the supreme court set forth the elements of fraud as follows: "(1) false statement of material fact (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance." In addition, fraud may involve the concealment of what is true as well as an assertion of what is false. (*Dendrinos v. Dendrinos* (1978), 58 Ill. App. 3d 639, 374 N.E.2d 1016.) Mere silence usually does not amount to fraud unless a person has a duty to speak in which case the failure to disclose material information amounts to a fraudulent concealment. (*Crowell v. Bilandic* (1980), 81 Ill. 2d 422, 411 N.E.2d 16.) Further, the facts constituting an alleged fraud must be pleaded with sufficient specificity, particularity and certainty. *Goldberg v. Goldberg* (1981), 103 Ill. App. 3d 584, 431 N.E.2d 1060.

■■ Our review of Part B of plaintiff's amended count II leads us to conclude that the trial court did not err in dismissing Part B. Plaintiff did not plead his claim with sufficient specificity or particularity. Plaintiff also failed to plead any facts which would tend to show inducement or *scienter* by defendants or reliance by plaintiff. Insofar as plaintiff's complaint may be read as one for fraudulent concealment of his cause of action, the facts alleged set forth no more than mere silence by defendants and do not plead a duty to speak on the part of either defendant. Therefore, by the standards which we have set forth, the trial court properly dismissed Part B.

■■ As to plaintiff's contention that the trial court improperly denied leave to file his second amended complaint, the record discloses that the primary difference between the two pleadings is that in the second amended complaint, plaintiff alleges that he supported the child upon the belief that he was the natural father of the child. Plaintiff's second amended complaint suffers from the same defects and infirmities as the first amended pleading filed in this action. Therefore,

we conclude that the trial court properly denied plaintiff leave to file his second amended complaint.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and GOLDBERG, J., concur.