David BARANSKI, et al., Plaintiffs,

v.

Robert B. SERHANT, et al., Defendants.

No. 82 C 6611.

United States District Court, N.D. Illinois, E.D.

Feb. 8, 1985.

See also, D.C., 602 F.Supp. 33.

George B. Collins, Collins & Uscian, Dennis P. Kyros, Chicago, Ill., for defendant Nicholas Kyros.

William J. Harte, William T. Rodeghier, Chicago, Ill., for defendant Del Monico.

Glynna Freeman, Jerrold E. Salzman, Daniel A. Clune, Freeman, Freeman & Salzman, P.C., Chicago, Ill., for defendant Chicago Mercantile Exchange.

Robert A. Vanasco, Siegel, Denberg, Vanasco, Shukovsky, Moses & Schoenstadt, Chicago, Ill., for defendant Estate of Nash.

Janet Reed, Mayer, Brown & Platt, Chicago, Ill., for defendants Berwyn National Bank, Mr. Charles F. Krcilek and Mr. John T. Hartley.

Joseph E. Coughlin, Lord, Bissel & Brook, Chicago, Ill., for defendant La-Grotteria.

Robert L. Byman, Jenner & Block, Chicago, Ill., for defendant Saul Stone.

Philip M. Bloom, Bloom & Eilen, Chicago, Ill., for defendant Sinclair Global.

Robert J. Vollen, William D. Kelly, Schwartz & Freeman, Chicago, Ill., for defendant Ness.

Edward J. Burke, C. Philip Curley, Burke & Smith, Steven B. Diamond, Margaret M. Fahrenbach, Beeler, Schad & Diamond, Karla Wright, Ron A. Cohen, Cohen & Lau, Donald C. Shine, Chicago, Ill., for class plaintiff.

Robert B. Serhant, Chicago, Ill., for defendant.

Mary Anne Spellman Gerstner, William T. Dwyer, Jr., Burke, Griffin, Chomicz & Wienke, P.C., Chicago, Ill., for defendant Schaumburg Bank.

William M. Phelan, Bernard F. Doyle, Phelan & Doyle, Ltd., Chicago, Ill., for defendant Donald Judy.

Lawrence H. Eiger, Much, Shelist, Freed, Ament & Eiger, Chicago, Ill., for plaintiff Baranski.

Robert Hahn, Katten, Muchin, Zavis Pearl & Galler, Chicago, Ill., for defendant Schiller.

James W. Hathaway, James W. Hathaway & Associates, Chicago, Ill., for defendant Anthony Vaccariello.

Paul J. Sussman, Sussman & Samson, Chicago, Ill., for plaintiff Bosco.

Leroy G. Inskeep, Rudnick & Wolfe, Chicago, Ill., trustee for Financial Partners, Inc.

## Memorandum

LEIGHTON, District Judge.

This cause is before the court on the motion of defendant, First Bank of Schaumburg ("First Bank"), pursuant to Fed.R.Civ.P. 12(b)(6), to strike and dismiss plaintiffs' third amended complaint. That complaint purports to hold First Bank liable as either a co-conspirator or as an aider and abettor in an alleged overall scheme and conspiracy of Robert Serhant and other defendants to defraud plaintiffs. Liability is premised on the fact that First Bank allegedly acted in concert with Serhant, a bank director, and Ward Weaver, President of First Bank, at the time of the scheme, when they allegedly induced certain plaintiffs to invest in Financial Partners by promising to loan them money from First Bank for the express purpose of investing in that venture.

■ It is true that a person or entity may be secondarily liable under federal securities laws as an aider and abettor, a conspirator, or a substantial participant in fraud perpetrated by others. *Lanza v. Drexel & Co.*, 479 F.2d 1277 (2d Cir.1973). However, certain minimum allegations must be made in order to sustain these claims, even under the liberal pleading requirements of the federal rules. First Bank contends that these minimum standards are not met in this case.

■ According to defendant, the complaint fails to state a claim against it as a co-conspirator because no liability can be imputed to it for the alleged misconduct of its president. While Weaver, as President of First Bank, made and approved loans to plaintiffs, the making of such loans by First Bank was not an unlawful act. Indeed, making loans is the ordinary business of a bank. The unlawful acts complained of here came as a result of Weaver's individual conduct, i.e., his alleged involvement with Serhant, and their alleged inducement of certain individuals to invest the proceeds of First Bank's loans with Financial Partners. A review of plaintiffs' complaint reveals no connection between Financial Partners and First Bank which would substantiate plaintiffs' claim that Weaver and/or Serhant were acting on behalf of First Bank while perpetrating the alleged fraud. The court therefore concludes that plaintiffs' co-conspiracy theory is plainly insufficient to furnish a basis of liability on the part of First Bank.

■ Additionally, First Bank challenges the sufficiency of the aiding and abetting claim. The parties agree that, in order to state a claim for such liability under federal securities law and the common law, the complaint must allege the existence of an independent fraudulent conduct, knowledge of the fraudulent conduct, intent to further that fraud (scienter), and the giving of substantial assistance to the primary wrongdoer. *Brick v. Dominion Mortgage & Realty Trust*, 442 F.Supp. 283, 307 (W.D.N.Y.1977). The court finds that the complaint is defective in that it fails to allege scienter and substantial assistance in the fraud, essential elements of the claim. Furthermore, plaintiffs have not alleged that defendant knew or should have known of the fraud. What is alleged is that First Bank knew or should have known of the material facts showing existence of the scheme. Such an allegation will not suffice to hold a defendant under an aiding and abetting theory. *Stern v. American*

*Bankshares Corporation,* 429 F.Supp. 818, 826 (E.D.Wis.1977).

The court therefore concludes that plaintiffs' allegations are insufficient to hold First Bank liable for the actions of its president in approving loans which were then invested by plaintiffs in an allegedly fraudulent scheme. This result comports with relevant law, and with common sense. Any other standard would open banks to wholesale liability for ill-advised investments of its customers. Accordingly, the motion of defendant to strike and dismiss plaintiffs' third amended complaint is granted.

So ordered.