Joseph Ruby CARL, Plaintiff,

v.

Richard J. GALUSKA, Charles Davis, George Calvert, National Gas and Electric Corporation of America, National Gas Associates, Ltd., and Geoquest, Inc., Defendants.

No. 90 C 3837.

United States District Court, N.D. Illinois, E.D.

Feb. 5, 1992.

Robert A. Shipley, Fred Wilner, Shipley & Wilner, Chicago, Ill., for plaintiff Joseph Ruby Carl.

Richard J. Galuska, pro se.

John A. Clark, Joe Robert Milburn, Allen Kanter, Kanter & Mattenson, Ltd., Fred B. Raskin, Fred B. Raskin & Associates, Chicago, Ill., for defendants Charles Davis, Nat. Gas & Elec. Corp. of America, Nat. Gas Associates, Ltd. and Geoquist, Inc.

Joe Robert Milburn, Allen Kanter, Kanter & Mattenson, Ltd., Fred B. Raskin, Chicago, Ill., for defendant George Calvert.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiff, Joseph Ruby Carl, brought this action against defendants Richard J. Galuska, Charles Davis, George Calvert, National Gas and Electric Corporation of America, National Gas Associates, Ltd. and Geoquest, Inc. Plaintiff asserts claims under the federal securities statutes, the Racketeer Influenced and Corrupt Organizations ("RICO") statute, and pendent state law claims. *Pro se* defendant Galuska has moved, under Fed.R.Civ.P. 9(b), 12(b)(2) and 12(b)(6) to dismiss certain counts of the complaint.

For the reasons stated in this memorandum opinion and order, defendant Galuska's motions to dismiss counts I, II, IV, V, VI, VIII, IX, X and XI are denied. His motion to dismiss count XII for lack of subject matter jurisdiction is granted.

## BACKGROUND FACTS

On a motion for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6), the facts alleged in the complaint, as well any reasonable inferences therefrom, are taken as true. *See Bane v. Ferguson*, 890 F.2d 11, 13 (7th Cir.1989). The relevant facts as alleged in the complaint are as follows.

On December 2, 1987 plaintiff Carl invested $100,000 ("the investment") in National Gas and Electric Corporation of America. ("National"). (Complaint, ¶ 16.) This investment was made on the advice and recommendation of defendant Galuska, who had been plaintiff Carl's accountant and financial adviser since 1980. *Id.* In exchange for the $100,000, Carl received from National a $200,000 promissory note. The note provided that it could be converted, at the option of National, into preferred shares of equivalent value in National. *Id.*

According to the complaint, Galuska, at the time of Carl's investment in National

on December 2, 1987, made written representations, which recited "various aspects and significant points regarding the benefits of the investment to be made," and were "consistent with ... oral promises made by defendant Galuska" on that date. (¶ 18.) On December 4, Galuska issued a note in which he guaranteed that Carl's investment in National would not accrue loss. (¶ 18, Exhibit C.) While making this favorable recommendation, however, Galuska did not disclose various facts concerning the poor financial condition of National.

Specifically, Galuska did not inform Carl that National was having trouble performing its obligations under contracts with the towns of Lancaster and Haverstraw, New York. (¶¶ 20, 30(b).) Most pertinently, he did not disclose that National's creditors had filed a petition for involuntary bankruptcy on June 11, 1987, which was converted into a voluntary petition on July 15, 1987. (¶¶ 24, 29.) The complaint alleges that Galuska failed to inform Carl of these facts "in a deliberate and reckless manner." (¶ 29.)

Additionally, Galuska did not reveal that he was employed or retained as a financial advisor to National and to defendants Charles Davis and George Calvert, who were controlling stockholders and officers of National. (¶ 30(h).) Galuska did not disclose that he received a commission for each investor he brought into National. (¶ 30(g).) According to the complaint, Galuska's relationship with National, in addition to being a fact which he should have revealed, placed him in a position in which he knew or should have known about the omitted facts relating to the poor financial condition of the company. (¶ 29.)

Subsequent to Carl's initial December 1987 investment, he wrote checks totaling $200,000 to National and defendants Geoquest, Inc. and National Gas Associates, Ltd., which are other entities controlled by Calvert and Davis that succeeded to the ownership of National's assets. (¶¶ 17–19.) Carl alleges, upon information and belief, that defendants did not treat the $300,000 invested as a capital contribution to the

various entities but rather "misappropriated" the money "to pay for personal investments." (¶ 27.) He claims that, as result of defendants' conduct, he has lost $300,000, all of the money invested. (¶ 57.)

In count XII, the complaint alleges that Galuska, in addition to guaranteeing Carl's investments in National, also guaranteed other investments. (¶¶ 80–84.) The recipients of these investments were International Fund Managers and Herbert Industries, Inc. *Id.* Galuska has allegedly not performed his obligations under the guarantee. (¶ 85.)

## DISCUSSION

### I. COUNT I—RULE 10b–5

In count I, plaintiff asserts a claim under Section 10(b) of the Securities Exchange Act of 1934, Rule 10b–5. 15 U.S.C. § 78j(b). 17 C.F.R. 240.10b5. Defendant Galuska has moved to dismiss the claim under Fed.R.Civ.P. 12(b)(6) and 9(b), arguing that plaintiff has not pleaded sufficient facts to support his cause of action and has not set out the circumstances of the alleged fraudulent conduct with sufficient particularity.

Under Rule 10b–5, it is unlawful to misrepresent or fail to disclose material information in the purchase or sale of securities. *See Michaels v. Michaels,* 767 F.2d 1185, 1194 (7th Cir.1985). An omission or misstatement is material if there is a substantial likelihood that the omitted or misstated fact would have assumed actual significance in the deliberations of a reasonable shareholder. *Id.* To prevail on a 10b–5 claim, a plaintiff must also establish the requisite scienter, a burden which is sustained by a showing that defendant knowingly or recklessly withheld or misstated material information. *Id.* at 1199, citing *Sanders v. John Nuveen & Co.,* 554 F.2d 790, 792–93 (7th Cir.1977).

Measuring plaintiff's allegations in relation to these legal standards, the court concludes that Carl's complaint sufficiently states a cause of action under 10b–5. The fact that National was involved in a bankruptcy proceeding, which was allegedly

known but not disclosed by defendant Galuska when he solicited plaintiff's investment, is quite possibly the type of information that a trier of fact would find material and the omission of which would support liability under Rule 10b–5. Further, scienter was sufficiently alleged as the complaint asserts that Galuska "in a deliberate or reckless manner" failed to disclose the unfavorable information. (¶ 29.)

■ In addition, the specificity of the factual allegations satisfies the requirements of Rule 9(b). To be sufficient under Rule 9(b), a pleading should identify the parties to, time and substance of the claimed misrepresentations. *Graue Mill Development Corp. v. Colonial Bank & Trust Co. of Chicago*, 927 F.2d 988, 992–993 (7th Cir.1991). Rule 9(b) should be applied with a view to its purposes which are (1) to inform the defendants of the claimed wrong and enable them to formulate an effective response; and (2) to protect defendants from unfounded, conclusory charges of fraud. *See Reshal Associates, Inc. v. Long Grove Trading Co.*, 754 F.Supp. 1226, 1230 (N.D.Ill.1990).

■ Plaintiff in this case has specifically enumerated the allegedly material facts omitted by Galuska when defendant recommended the National investment to plaintiff in December 1987, *inter alia,* that National was in the midst of a bankruptcy proceeding. (See Complaint, ¶ 30(a)-(k).) These allegations are sufficiently particular to accomplish the purposes of Rule 9(b), since they adequately apprise defendant of the nature of the claim against him and satisfactorily describe the factual basis upon which the assertion of fraud is based.

## II. COUNT II—SECTION 12(2)

Section 12(2) of the Securities Act of 1933 imposes liability on anyone who "offers or sells a security ... by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading." 15 U.S.C. § 77*l* (2).

Defendant Galuska has moved to dismiss this count, arguing that plaintiff has not adequately alleged an actionable misleading statement or omission. Additionally, Galuska asserts that the pleaded facts do not sufficiently support the allegation that Galuska is a person who offered or sold a security within the meaning of the statute.

■ The misleading omissions made by Galuska in recommending the National investment are sufficiently pleaded for the same reasons discussed in relation to plaintiff's 10b–5 claim. Further, Carl has alleged facts on which to base his claim that Galuska offered or sold securities within the meaning of Section 12(2).

In *Schlifke v. Seafirst Corp.*, 866 F.2d 935, 940–41 (7th Cir.1989), the Seventh Circuit indicated that interpretation of Section 12(2)'s "offers or sells" language should be guided by the Supreme Court's explication of Section 12(1)'s identical language in *Pinter v. Dahl*, 486 U.S. 622, 108 S.Ct. 2063, 100 L.Ed.2d 658 (1988). In *Pinter,* the Court explained that one need not possess or pass title in order to offer or sell a security within the meaning of the statute. *Id.* at 643, 108 S.Ct. at 2076–77. One may offer or sell a security simply by soliciting its purchase, if the solicitor is motivated at least in part by his own financial interest or those of the securities owner. *Id.* at 647, 108 S.Ct. at 2078–79.

In this case, plaintiff Carl has alleged that defendant Galuska was entitled to a commission from National for every investor he attracted. (Complaint, ¶ 30(g).) This allegation of a personal benefit (the commission) received from the transaction, which was solicited by Galuska, adequately supports plaintiff's claim that Galuska offered or sold securities for purposes of Section 12(2).

## III. COUNT IV—FRAUD

■ Galuska has challenged the sufficiency of Carl's common law fraud claim in count IV. Under Illinois law, a valid claim

for fraud must contain allegations of: 1) a false statement or concealment of material fact; 2) knowledge of falsity on the part the speaker; 3) intent to induce the other party to act; 4) reliance by the plaintiff; and 5) damage to the plaintiff as a result of the reliance. *See e.g., Indiana Insurance Co. v. Meeker–Magner Insurance Brokers and Consultants, Inc.*, 594 F.Supp. 262, 265 (N.D.Ill.1984).

■ In this case, the complaint alleges that Galuska concealed material facts concerning National's financial condition which Galuska's employment with Calvert and Davis or National had put him in a position to know. In count IV, Carl avers that Galuska intended to induce Carl's reliance, that Carl's investment was induced, and that Carl suffered $300,000 damages as a result. (Complaint, ¶ 51.) These allegations sufficiently state a claim for fraud. Further, the description of the circumstances underlying the fraud claim satisfies the requirements of Fed.R.Civ.P. 9(b).[1]

## IV. COUNT V—BREACH OF FIDUCIARY DUTY

Galuska has moved to dismiss the breach of fiduciary duty claim in count V, arguing that plaintiff has not alleged the existence of a relationship upon which a fiduciary duty could arise or facts supporting a claim for breach. The court disagrees.

■ Carl has asserted that Galuska acted as his financial adviser and recommended various investments to him. The allegation of this relationship is sufficient to indicate the possible existence of a fiduciary duty. *See Securities and Exchange Commission v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 191, 84 S.Ct. 275, 282–83, 11 L.Ed.2d 237 (1963) (describing the "delicate fiduciary nature of the investment advisory relationship").

■ Moreover, under Illinois law, a fiduciary relationship may arise where one party possesses superior knowledge and influence over the other party and occupies a position of special trust. *See Commodity Futures Trading Commission v. Heritage Capital Advisory Board Services, Ltd.*, 823 F.2d 171, 173 (7th Cir.1987). The facts alleged by Carl suggest that Galuska, as plaintiff's financial adviser, may have held such a special position of trust.

■ Further, the allegations of misleading omissions adequately state a claim for breach of fiduciary duty. The fiduciary duties of investment advisers include an obligation to disclose all material facts concerning recommended investments to their clients. *See Capital Gains Research Bureau*, 375 U.S. at 194–95, 84 S.Ct. at 284.

## V. COUNT VI—CONSPIRACY AND AIDING AND ABETTING

■ Galuska challenges count VI. To state a claim for conspiracy to defraud, a plaintiff must plead a conspiracy, an overt act in furtherance of the conspiracy and damages to the plaintiff as a result of the fraud. *See Bosak v. McDonough*, 192 Ill.App.3d 799, 803, 139 Ill.Dec. 917, 920, 549 N.E.2d 643, 646 (1st Dist.1989). A conspiracy claim may be supported by factual allegations from which the existence of an agreement can be inferred. *Id.* A claim for aiding and abetting a fraudulent scheme is stated through allegations of: 1) the existence of fraudulent conduct; 2) defendant's knowledge of the fraudulent conduct; 3) intent to further the fraud; and 4) the giving of substantial assistance to the primary wrongdoer. *See Baranski v. Serhant*, 603 F.Supp. 232, 234 (N.D.Ill.1985).

■ In this case, Carl's allegation that Galuska was employed as adviser and agent for defendants Calvert and Davis supports inferences of: a conspiratorial agreement between the three of them; Galuska's knowledge of the alleged deception concerning the financial condition of National and; a shared conspiratorial intent. The requirements of an overt act and substantial assistance are adequately fulfilled by the allegations concerning Galuska's

---

1. See discussion of Rule 9(b)'s application to the alleged facts underlying the 10b–5 claim at pp. 5–6, *supra.*

misleading recommendations of the investments in National.

## VI. COUNT VIII—BREACH OF CONTRACT

In Count VIII, Carl asserts that Galuska contracted to guarantee his investment in National and claims that Galuska has breached this contractual obligation. Galuska challenges the sufficiency of this count.

■ In order to state a claim for breach of contract, a complaint must allege that a contract existed, that plaintiff performed his contractual obligations, that defendant breached his contractual obligations, and that plaintiff suffered damages as a result. *See Derson Group, Ltd. v. Right Management Consultants, Inc.*, 683 F.Supp. 1224, 1230 (N.D.Ill.1988). The facts alleged in the complaint, viewed in a light most favorable to Carl, fulfill these requirements.

■ Carl has alleged that a contract existed, i.e., that Galuska promised to guarantee the investment. The consideration for this promise were the investments in National.[2] Carl claims to have performed his obligation by investing in National. The claimed breach is Galuska's alleged failure to pay for Carl's losses, which resulted in the damage of the unrecompensed losses themselves.

## VII. COUNT IX—ACCOUNTING

■ Defendant Galuska challenges plaintiff's demand, in count IX, for an accounting. Galuska argues that he has already disclosed all information he possesses concerning Carl's investment. This is a factual contention, which the court cannot consider on a 12(b)(6) motion to dismiss. *See Walker v. Gibson*, 604 F.Supp. 916, 920 (N.D.Ill.1985) (12(b)(6) motion not proper vehicle for fact based defense). As Galuska has raised no legal objection to plaintiff's demand for an accounting, the motion to dismiss this count will be denied.

## VIII. COUNT X—ILLINOIS SECURITIES ACT

In Count X, plaintiff asserts that Galuska violated the Illinois Securities Act. Ill. Rev.Stat. ch. 121½ ¶¶ 137.8, 137.12. Galuska argues that he is exempt from the requirements of the Act because he had a good faith belief that the transactions in question were exempt and because he is a certified public accountant. He has appended a copy of his C.P.A. certificate to his motion.

Again, Galuska has raised factual disputes which cannot be resolved on a 12(b)(6) motion to dismiss. *See Walker v. Gibson*, 604 F.Supp. at 920. On this motion, the court looks only to the complaint, the facts alleged in which are taken as true. Galuska's characterization of his own state of mind and his C.P.A. certificate are not of the complaint, but rather are evidence supporting possible affirmative defenses. The motion to dismiss count X is denied.

## IX. COUNT XI—NEGLIGENCE

Galuska has challenged count XI, in which Carl claims that Galuska negligently performed his duties as an investment adviser. Galuska argues that Carl has inade-

2. Ordinarily, the consideration given in the underlying principal contract is sufficient for purposes of a guarantee relating to that transaction. *See McHenry State Bank v. Y & A Trucking Co.*, 117 Ill.App.3d 629, 632, 73 Ill.Dec. 485, 488, 454 N.E.2d 345, 348 (2d Dist.1983). Therefore, the complaint's description of Carl's investment in National and the other entities, the principal contract of the guarantee, sufficiently alleges consideration for purposes of a motion to dismiss.

However, plaintiff Carl's breach of contract claim is not without problems on the subject of consideration. A guarantee of an investment which is executed after the underlying contract is formed must be supported by additional consideration, while a guarantee which is "contemporaneous" with the investment does not require additional consideration. *See Finn v. Heritage Bank & Trust Co.*, 178 Ill.App.3d 609, 611–12, 127 Ill.Dec. 667, 669, 533 N.E.2d 539, 541 (3d Dist.1989). Galuska's alleged guarantee was executed on December 4, 1987, whereas Carl wrote his first check to National on December 2. Unless, Carl can present evidence establishing that the investment and the guarantee were "contemporaneous" under Illinois law, the December 2 investment would not constitute sufficient consideration.

quately alleged the elements of duty, breach of duty and causation of damage. He cites *Pickett v. First American Savings & Loan Assoc.*, 90 Ill.App.3d 245, 45 Ill.Dec. 531, 412 N.E.2d 1113 (5th Dist. 1980). The motion to dismiss this count is denied.

■ Contrary to Galuska's assertions, Carl has alleged a duty, i.e., that arising from the accountant/investment adviser-client relationship. Further, the alleged breach of that duty and plaintiff's theory of causation are clear from the complaint. Galuska, in the exercise of reasonable care, should have discovered and alerted Carl to the financial problems at National before recommending the investment. If Galuska had recognized the problems and informed Carl of them, the unsuccessful investment would never have been made and the resulting losses would not have occurred.

## X. COUNT XII—BREACH OF CONTRACT

In Count XII, Carl asserts a breach of contract claim against Galuska. This count concerns investments allegedly recommended by Galuska "in addition to" those relating to Calvert, Davis and National. Galuska has challenged this count under Fed.R.Civ.P. 12(b)(1), asserting lack of subject matter jurisdiction.

■ Plaintiff characterizes count XII as being a pendent claim to the federal securities' claims in counts I and II. In order to be subject to the court's pendent jurisdiction, a state law claim and the main federal claim must derive from a "common nucleus of operative fact." *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

■ The nucleus of operative fact implicated by Carl's federal law claims are the dealings where Galuska solicited investments on behalf of Calvert and Davis. Because they concern different investment targets and different recommendations by Galuska, claims pertaining to the different investments referred to in Count XII would require an entirely distinct set of proof from the federal claims. The claims in count XII therefore do not concern the same nucleus of fact as the claims based on federal law. As a result, count XII cannot be supported by pendent jurisdiction.

■ Nor can jurisdiction be conferred on a diversity theory. The complaint alleges that plaintiff Carl is a "citizen of the United States and a resident and domiciliary of the state of Israel." (Complaint, ¶ 1.) A U.S. citizen residing abroad is not a citizen of any state and therefore cannot maintain a suit in federal court where jurisdiction is based solely on diversity of citizenship. *See Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir.1980); 28 U.S.C. § 1332(a)(1). Because the state law claims in count XII are not viable as either pendent or diversity claims, they are dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated in this memorandum opinion and order, defendant Galuska's motion to dismiss count XII for lack of subject matter jurisdiction is GRANTED. His motion to dismiss the other counts is DENIED. Parties are urged to discuss settlement of the case. The case is set for further status on February 6, 1992 at 10 a.m.